# LAW OFFICES OF JOSEPH F. KILADA, P.C.

Long Island Office
1 Old Country Road, Suite 347
Carle Place, NY 11514
Phone: (516) 222-0454
Fax: (516) 908-4266

Assistant United States Attorney
Eastern District of New York
222 Cadman Plaza East
Brooklyn, New York 11241

        Re:    USA v. Joseph Romano
                  Cr. 12-691

Dear: Mr Miller and Ms. Dean

    Please accept this letter in lieu of a formal motion for discovery and request for a bill of particulars.

    ' Each request is of a continuing nature, and prompt notice is requested in the event that responsive information comes to the government's attention at any point in the future. Each request calls for all responsive items which are within the possession, custody, or control of the government, or which are either known to exist or could by the exercise of due diligence become known to the government. If the government declines to provide any information requested herein, please advise me of the government's objection so that I can consider bringing any dispute to the attention of the Court.

    The following materials and information are requested pursuant to Rule 12.1 of the Local Criminal Rules of the Eastern District of New York and Southern District of New York, Federal Rules of Criminal Procedure, 7(f), 12(c), 12(d), and 16, and Federal Rules of Evidence, Rules 104, 403, 404, 608 and 609.

## DISCOVERY

    Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(A) (as amended); <u>Bruton v. United States</u>, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1967); and, <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974):

## Statements

1) please provide all written or recorded statements made by Mr. Romano, at any time and in any context, regardless of the government's intentions with respect to their use at trial. This includes, but is not limited to, all audiotape recordings and transcripts of audiotape recordings of conversations involving Mr. Romano that were made during the course of this investigation;

2) please provide access to all original audiotapes (as opposed to copies) as soon as a mutually convenient arrangement for their review can be made. Additionally, please provide a complete list of all audiotapes that were made during this investigation so that I may be certain that I have received a full set;

3) please provide all records, reports, memoranda, notes, or other writings which contain the substance of any oral statement made by Mr. Romano to government or law enforcement authorities, regardless of the government's intentions with respect to the statement's use at trial. This request includes internal reports and memoranda prepared by law enforcement agents to the extent that statements of Mr. Romano are related or described. Where a statement is contained in more than one writing, please provide each such writing;

4) please provide the substance of all oral statements made by Mr. Romano to government or law enforcement authorities which have not been disclosed pursuant to Requests (1) and (3) above and which the government may use at trial. To be clear: the "substance" of every such statement should be produced, in the form of a complete recitation, regardless of whether or not the statement was or has yet been memorialized in written form. This request covers not only statements which the government intends to introduce at trial, but also statements which the government may use for impeachment or other purposes;

5) with respect to the government's due diligence obligation, please provide the name and whereabouts of any government agent or witness who has had contact with Mr. Romano but who has not been interviewed to determine whether Mr. Romano made statements in that persons presence;

6) please provide any written, recorded, or oral statement of co-defendant/s, and/or alleged co-participant/s or conspirator/s, whether or not indicted, made to a public servant engaged in law enforcement activity or to a person then acting under his direction or in cooperation with him, whether before or after arrest, which the government intends to offer at trial. Bruton v. United States, 391 U.S. 123 (1968);

7) please state whether any statements were obtained through the use of electronic surveillance, and if so, provide copies of any and all warrants for such surveillance, sealing orders, logs, supporting affidavits and reports of returns on the warrants connected with this case, and whether any arrests, seizures, or electronic surveillance was made as a result of the applications.

Pursuant to Federal Rules of Criminal Procedure 16(a)(1)(B), Federal Rules of Evidence

Rules 403, 404 (as amended), 608 and 609, <u>United States v. Figueroa</u>, 618 F.2d 934 (2d Cir. 1980), <u>United States v. Mohel</u>, 604 F.2d 748 (2d Cir. 1979), <u>United States v. Lyles</u>, 593 F.2d 182 (2d Cir. 1979), <u>United States v. Manafzadeh</u>, 592 F.2d 81 (2d Cir. 1979), <u>United States v. O'Connor</u>, 580 F.2d 38 (2d Cir. 1978), <u>United States v. DeVaughn</u>, 579 F.2d 225 (2d Cir. 1978), <u>United States v. Benedetto</u>, 571 F.2d 1246 (2d Cir. 1978):

### Criminal Record

8) please provide Mr. Romano's prior criminal record, if any. Please include rap sheets maintained by the Federal Bureau of Investigation, the New York State Division of Criminal Justice Services, and any other relevant law enforcement authority, even if such rap sheets indicate that Mr.Romano has no prior arrests;

### Other Crimes, Wrongs, or Acts

9) please state whether the government intends to offer evidence of prior or subsequent bad acts of the defendant in connection with this case, and if so, please provide the particulars of those acts including time, date, location of the commission of the acts, a description of the acts, and whether any court proceedings resulted, and if so, in what court and with what result. In addition, please include any allegations of misconduct which the government may seek to use for impeachment or other purposes at trial.

Pursuant to Federal Rules of Criminal Procedure Rule 16(a)(1)(C), 12(c), 12 (b)(3), 41(c-d) and <u>Payton v. New York</u>, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), <u>Mincey v. Arizona</u>, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978), <u>Manson v. Brathwaite</u>, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), <u>Chimel v. California</u>, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), <u>Simmons v. United States</u>, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), <u>United States v. Chadwick</u>, 532 F.2d 773 (1st Cir. 1976), aff'd 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), please provide copies of or permit me to inspect and photograph the following:

### Search and Seizure

10) any search warrant, warrant affdavit, warrant return forms, and/or warrant inventories that were prepared in connection with this case;

11) all documents or other items obtained as a result of searches or seizures;

12) if any evidence obtained was taken from the defendant or belongs to the defendant state whether it was taken pursuant to a warrant, and if provide the names of any officers involved, and the date, time and exact location of any such seizures;

13) if any evidence obtained was taken from the defendant or belongs to the defendant and

was not taken pursuant to a warrant, please provide the names of any officers involved, the date, time, and exact location of any such evidence seized, and state how it was packaged at the time of seizure;

14) the exact location within the defendant's home, apartment, office, or personal property where each item was allegedly seized;

### Documents and Tangible Objects

15) all books, papers, documents, photographs, drawings, film, video tape, tangible objects, buildings or places, personal effects taken from or belonging to the defendant and any other physical evidence which is in possession, custody or control of the government or its agents, which are material to this ;case, or are intended for use at trial. We request access to the original objects, buildings and places at an appropriate time;

16) please arrange for the return of all personal property, belongings and effects which were taken from Mr. Roamno at the time of his arrest or thereafter. Please provide a detailed inventory of all such property which you are unwilling or unable to release at this time, together with copies of all such items which are documentary in nature. This request includes, but is not limited to, address books, notes, business cards, papers, and United States currency;

17) please provide a detailed description of any documents, objects or physical evidence relating to this case which have been destroyed, lost, or which are no longer in the custody or control of the government. If the government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action;

### Identification

18) please provide a description of any identification procedure employed in this case, including lineups, showups, photo arrays, or the display of Mr. Romano 's person, photograph or image to any witness. Please state the date, time and place of each occurrence and the names of the persons including counsel who were present;

19) if any identification procedure has been employed, please provide copies of all photographs and photo arrays as well as all documents or recordings which describe or memorialize the identification procedure(s);

20) if any witness has identified Mr. Romano as a result of any identification procedure, please identify the witness and indicate the date the identification occurred and the degree of certainty expressed by the witness. In addition, please provide in detail any description provided by the witness at any time prior to the identification procedure. See Neil v. Biggers, 409 U.S. 188, 199 (1972);

21) if any witness has failed to identify Mr. Romano after any identification procedure, please identify the witness and indicate the date and circumstances of the identification procedure. See Brady v. Maryland, 373 U.S. 83 (1963); Kyles v. Whitley, 115 S. Ct. 1555

(1995).

### Reports of Examinations and Tests

22) Pursuant to Federal Rules of Criminal Procedure Rule 16(a) (1)(D): please provide copies, or permit me to inspect and copy the results or reports of any laboratory or scientific tests and experiments or computer analyses, including physical or mental examinations and reports thereof, in the possession or control of the government or its agents, the existence of which is known or could by due diligence become known to the attorney for the government, which the government intends to introduce at trial or which may be material to the preparation of the defense case. In particular, please provide all records pertaining to (a) any laboratory analyses of alleged narcotics; (b) any fingerprint examinations; (c) any handwriting examinations; and (d) any polygraph examinations which have been conducted in connection with this case.

23) Please provide a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. The summary should describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Fed. R. Crim. P. 16(a)(1)(E).

Pursuant to United States v. Giglio, 405 U.S. 150, 92 S.Ct. 763, 321 L.Ed.2d (1972), Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), United States v. Cannone, 528 F.2d 296 (2d Cir. 1975), United States v. Percevault, 490 F.2d 170 (9th Cir. 1973), United States v. Richter, 488 F.2d 170 (9th Cir. 1973), United States v. Baum, 482 F.2d 1325 (2d Cir. 1973) and Federal Rules of Evidence, Rules 608 and 609, please provide:

### Witness Information

24) a list of witnesses the government intends to call at trial, including the names and addresses of all persons said to have been present at or to have personal knowledge of any statements or actions of the defendant and their addresses, agency affiliation (if relevant) and criminal record, if any;

25) copies of prior statements of witnesses or reports of agents related to this case;

26) the names and addresses of any person present during any part of the commission of any of the acts alleged in the indictment whom the government does not intend to call as a witness;

27) please provide a written list of the names, addresses and qualifications of all experts the government intends to call as witnesses at trial, together with all reports made by such experts or, if reports have not been made, a brief description of the opinion and subject matter of the opinion to which each is to testify; and

28) copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective witness offering assistance to the witness in

obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the witness.

### Informant Information

Pursuant to United States v. Giglio, 405 U.S. 150, 92 S.Ct. 763, 321 L.Ed.2d 104 (1972), Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), McCray v. Illinois, 386 U.S. 300, (1967), United States v. Turbide, 558 F.2d 1053 (1977), Rovario v. United States, 299 F.2d 812 (2d Cir. 1957), please state:

29) whether any government informant is alleged to have participated in any of the acts alleged in the indictment, and the names and addresses of any and all such persons;

30) whether any government informant is alleged to have been present during any of the acts alleged in the indictment, and the name and address of any and all such persons;

31) whether any government informant has provided any information which led to the arrest of the defendant;

32) if the answer to 29), 30) or 31) above is "yes", please state:

    (a) whether the informant was registered or not;

    (b) whether the informant has worked for the government in the past;

    (c) whether the informant has a prior criminal record and if so, provide it;

    (d) whether the informant was paid for his or her efforts in this case and if so, how much;

    (e) whether the informant has any pending cases anywhere, and if so, whether any assistance or consideration was offered or is intended by the government to be offered on behalf of the informant with respect to any pending case the informant has;

33) whether any government informant provided probable cause for the arrest or apprehension of the defendant or seizure of evidence, and if so please make that person available for an in camera inspection by the court; and

34) copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective informant offering assistance to the informant in obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the informant.

35) Please indicate whether the government intends to call any informants, cooperating witnesses, or accomplices as witnesses at trial. If so, please provide the name, address, and date

of birth of each such individual. See Roviaro v. United States, 353 U.S. 53, 60-61 (1957).

### Law Enforcement Witnesses

36) Please produce for inspection by the defense the personnel files of all law enforcement officers who may be called as government witnesses at trial. See United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); United States v. Kiszewski, 877 F.2d 210, 215-16 (2d Cir. 1989).

### Brady and Giglio Material

37) Pursuant to the Constitutional requirements of United States v. Agurs, 427 U.S. 97 (1927), Giles v. Maryland, 386 U.S. 66 (1967), and Brady v. Maryland, 373 U.S. 83 (1963); Kyles v. Whitley, 115 S. Ct. 1555 (1995); A.B.A. Standards for Criminal Justice, Prosecution and Defense Function 3-3.11(a) (3d ed. 1993), please provide any exculpatory or favorable evidence or information, or any evidence or statements of anyone which may be favorable to the defendant or which may tend to exonerate him, which is in the possession or control of the government or its agents, or, if unknown, can by due diligence become known or acquired by the government, or its agents, including, but not limited to, the following:

   (a) copies of any statement or the substance of any oral statements made by any prospective government witness, or by any co-defendant or alleged co-conspirator indicted or unindicted, which is exculpatory of or favorable to the defendant, or which is inconsistent with any fact the government alleges with respect to the charges in the indictment;

   (b) copies of any statements or the substance of any oral statements made at any time by the defendant in which he refused to participate in the acts alleged;

   (c) copies of any reports of mental illness, drug use, excessive alcoholism, or any medical condition which would affect the ability to observe or remember an observed fact of any prospective government witness or informant;

   (d) reports of any statement by any prospective witness or agent or informant who, having been in a position to observe the defendant in a location relevant to the commission of the alleged crimes, failed at a later date to identify the defendant as the person who was in that location.

38) Any and all documents, information, or other evidence which might tend to impeach the government's witnesses. This includes any and all records and information revealing prior misconduct attributed to the witness, prior inconsistent statements, and present motivation to falsify, including, but not limited to personnel files, administrative or disciplinary records, rap sheets, and any and all orders, memoranda, and agreements granting the witnesses any form of immunity from criminal prosecution; any and all investigations into the witnesses' conduct which might reasonably provide a motive for the witnesses' testimony; any and all vouchers or receipts reflecting reimbursement or payments made to the witness; and any and all records, memoranda and correspondence between any non-law-enforcement witnesses and law enforcement

authorities which might reasonably reflect on the witnesses' motives and relationships with the government. <u>Giglio v. United States</u>, 405 U.S. 150, 154-55 (1972); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>United States v. Kiszewski</u>, 877 F.2d 210, 215-16 (2d Cir. 1989); <u>A.B.A. Standards for Criminal Justice</u>, Prosecution and Defense Function 3-3.11(a) (3d ed. 1993).

39) If the government is aware of facts which would constitute <u>Brady</u> material but assumes that Mr. Romano or counsel knows or should know such facts, please verify that counsel is aware of these facts.

I also request that you interview all witnesses immediately in order to provide the defendant with discovery in advance of trial. Please be advised that I will move to preclude any statements or evidence not timely disclosed to defense counsel.

Thank you for your cooperation.

Sincerely,

Joseph F. Kilada
Attorney at Law