UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X

UNITED STATES OF AMERICA,

       - against -                     12 Cr. 691 (JFK)

JOSEPH ROMANO,

              Defendant.

---------------------------------------------------X

## DEFENDANT'S REQUESTS TO CHARGE

GEORGE R. GOLTZER, ESQ.
200 West 57th Street
New York, New York 10019
(212) 608-1260

MICHAEL K. BACHRACH, ESQ.
276 Fifth Avenue, Suite 501
New York, New York 10001
(212) 929-0592

*Attorneys for Defendant Joseph Romano*

## **Table of Contents**

Table of Authorities ................................................................................................ iii

I.    Preliminary Statement ................................................................................ 1

II.   Defendant's Requests for Standard Preliminary Instructions ........................ 1

III.  Defendant's Requests for Additional
      Specific Proposed Jury Instructions .............................................................. 2

      1.    Presumption of Innocence and Burden of Proof ................................... 2

      2.    Reasonable Doubt .............................................................................. 2

      3.    The Evidence – What it is and What it is Not ....................................... 3

      4.    Direct and Circumstantial Evidence ..................................................... 5

      5.    Stipulations ....................................................................................... 6

      6.    Deciding What to Believe ................................................................... 6

      7.    Improper Consideration of the Defendant's
            Right Not to Testify (if applicable) ..................................................... 7

      8.    Admissions of Defendant .................................................................... 8

      9.    Number of Witnesses and Uncontradicted Witnesses .......................... 8

      10.   Witness Credibility — General Instruction ........................................... 9

      11.   Government Informants ...................................................................... 10

      12.   Inferences Defined ............................................................................. 11

      13.   Missing Witness Not Equally Available to Defendant
            (if applicable) .................................................................................. 12

      14.   Knowledge, Malice and Intent ............................................................ 12

15.    Prior Inconsistent Statements (if applicable) ......................................13

16.    Law Enforcement Witnesses ...............................................................13

17.    Introduction to Elements of the Offense –
       Conspiracy to Murder Employees of the United States .....................13

18.    Elements of Conspiracy to Murder Employees
       of the United States ...........................................................................15

19.    Sears Charge ......................................................................................16

20.    Multiple Conspiracies –
       Coin Fraud vs. Murder Conspiracy ....................................................17

21.    Entrapment (if applicable) ..................................................................17

22.    Consider Only the Charges/Similar Acts
       (if applicable) .....................................................................................19

23.    Venue ..................................................................................................20

IV.    Conclusion ...................................................................................................21

## <u>Table of Authorities</u>

FEDERAL CASES

<u>Griffin v. California</u>,
380 U.S. 609 (1965)......................................................................................8

<u>Holland v. United States</u>,
348 U.S. 121 (1954)....................................................................................11

<u>Jacobson v. United States</u>,
503 U.S. 540 (1992)....................................................................................19

<u>Mallory v. United States</u>,
354 U.S. 449 (1957)......................................................................................8

<u>Mathews v. United States</u>,
485 U.S. 58 (1988)......................................................................................19

<u>Sears v. United States</u>,
343 F.2d 139 (5th Cir. 1965) ......................................................................16

<u>Turner v. United States</u>,
396 U.S. 398 (1970)....................................................................................11

<u>United States v. Amato</u>,
 92 Cr. 351 (JBW) (EDNY 1993) (jury charge)...........................................10

<u>United States v. Boston</u>,
11 Cr. 107 (DLI) (EDNY 2011) (jury charge) .................................5, 6, 7, 13

<u>United States v. William Boyland Jr.</u>,
11 Cr. 300 (JSR) (SDNY 2011) (jury charge)................................................2

<u>United States v. Brand</u>,
467 F.3d 179 (2d Cir. 2006) .......................................................................19

<u>United States v. Bryant and Gallagher</u>,
07 Cr. 267 (FLW) (DNJ 2008) (jury charge) .................................................6

United States v. Crespo,
422 F.2d 718 (2d Cir. 1970) ..........................................................................11

United States v. Cromitie,
727 F.3d 194 (2d Cir. 2013) ..........................................................................19

United States v. Dixon,
536 F.2d 1388 (2d Cir. 1976) ........................................................................12

United States v. Erb,
543 F.2d 438 (2d Cir. 1976) ..........................................................................12

United States v. Ahmed Khalfan Ghailani,
98 Cr. 1023 (LAK) (SDNY 2010) (jury charge)...........................................15

United States v. Han,
230 F.3d 560 (2d Cir. 2000) ..........................................................................19

United States v. Lloyd,
80 Cr. 369 (EW) (SDNY 1980) (jury charge)................................................12

United States v. Pfingst,
477 F.2d 177 (2d Cir. 1973) ..........................................................................11

United States v. Quinones,
00 Cr. 761 (JSR) (SDNY 2004) (jury charge)..................................................3

United States v. Reed,
572 F.2d 412 (2d Cir. 1978) ............................................................................8

United States v. Rodin,
03 Cr. 1499 (JSR) (SDNY 2005) (jury charge)..............................................16

United States v. Rosenblatt,
554 F.2d 36 (2d Cir. 1977) ............................................................................16

United States v. Yousef,
327 F.3d 56 (2d Cir. 2003) ..............................................................................8

STATE CASES

State v. Medina,
147 N.J. 43, 685 A.2d 1242 (NJ 1996)............................................................3

STATUTES AND OTHER AUTHORITIES

18 U.S.C. § 1111.........................................................................14, 15

18 U.S.C. § 1114........................................................................14

18 U.S.C. § 1117........................................................................14

18 U.S.C. § 3501........................................................................8

Criminal Jury Instruction for the District of Columbia, Instr. 2.48 ...............8

Sand, Modern Federal Jury Instructions, Instr. 3-3 ......................................20

Sand, Modern Federal Jury Instructions, Instr. 3-11 ...................................20

Sand, Modern Federal Jury Instructions, Instr. 4-3 ......................................9

Sand, Modern Federal Jury Instructions, Instr. 5-21 .....................................8

Sand, Modern Federal Jury Instructions, Instr. 5-25 ...................................20

Sand, Modern Federal Jury Instructions, Instr. 6-1 ......................................11

Sand, Modern Federal Jury Instructions, Instr. 6-3 ......................................16

Sand, Modern Federal Jury Instructions, Instr. 6-4 .....................................16

Sand, Modern Federal Jury Instructions, Instr. 6-5 ......................................12

Sand, Modern Federal Jury Instructions, Instr. 6-17 ...................................12

Sand, Modern Federal Jury Instructions, Instr. 7-1 ......................................10

Sand, Modern Federal Jury Instructions, Instr. 8-7 ......................................19

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-3S ..................................16

Sand, <u>Modern Federal Jury Instructions</u>, Comment to Instr. 19-4................16

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-5.....................................17

## I.    <u>Preliminary Statement</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Defendant Joseph Romano respectfully requests that the Court include the following instructions in its charge to the jury.  Defendant additionally requests leave to submit such additional proposed instructions as may later become appropriate.

Defendant's requests are as follows:

## II.    <u>Defendant's Requests for Standard Preliminary Instructions</u>

On the following subjects, Defendant requests that the Court give its usual, standard instructions to the jury:

1.    Role of the Jury;

2.    Role of the Court;

3.    Conduct of Counsel;

3.    Parties Are Equal Before the Court;

2.    Improper Juror Considerations: Race, National Origin, Sex or Age;

4.    Witness's Interest in Outcome;

5.    Unindicted Co-conspirator(s) Called by the Government (if applicable);

6.    Statutory/Informal Immunity of Government Witness(es) (if applicable);

7.    Government Informers (if applicable);

8.    Bias and Hostility; and

1

9.  Juror Duty to Consult and Need for Unanimity (including Unanimity of Theory).

## III.  Defendant's Requests for Additional Specific Proposed Jury Instructions

On the following subjects, Defendant requests that the Court give the specific proposed jury instructions listed as follows:

### 1.  Presumption of Innocence and Burden of Proof

The defendant here, Joseph Romano, is charged with two federal crimes about which I will instruct you shortly.  Please bear in mind, however, that a charge is not itself evidence of anything.

The defendant has pled not guilty.  To prevail against the defendant on a given charge, the government must prove each essential element of that charge beyond a reasonable doubt.  If the government succeeds in meeting this burden, your verdict should be guilty on that charge; if the government fails, your verdict must be not guilty on that charge.  This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, a defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the government has proven that he is guilty of that charge beyond a reasonable doubt.[1]

### 2.  Reasonable Doubt

As I just stated, the government has the burden of proving the defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases, where you were told that it is necessary to prove only that a fact is more likely true than not true.  In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

---

[1]  Adapted from charge of the Honorable Jed S. Rakoff in <u>United States v. William Boyland Jr.</u>, 11 Cr. 300 (JSR) (SDNY 2011).

2

A reasonable doubt is an honest and reasonable uncertainty in your minds about the guilt of the defendant after you have given full and impartial consideration to all of the evidence. A reasonable doubt may arise from the evidence itself or from a lack of evidence. It is a doubt that a reasonable person hearing the same evidence would have.

To put it another way, reasonable doubt is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

Proof beyond a reasonable doubt is proof, for example, that leaves you firmly convinced of the defendant's guilt. In this world, we know very few things with absolute certainty. In criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you are not firmly convinced of the defendant's guilt, you must give the defendant the benefit of the doubt and find him not guilty.[2]

### 3.    <u>The Evidence – What it is and What it is Not</u>

I now will instruct you as to what evidence is and how you should consider it.

A.    What Is Evidence:

The evidence upon which you are to decide the facts comes in several forms:

1)    Sworn testimony of witnesses, both on direct and cross-examination;

2)    Exhibits that have been received by the court in evidence; and

3)    Facts to which all the attorneys have agreed or stipulated.

---

[2]    Adapted from the charge advanced by the New Jersey Supreme Court in <u>State v. Medina</u>, 147 N.J. 43, 61, 685 A.2d 1242, 1251-52 (NJ 1996), as well as the charge of the Honorable Jed S. Rakoff in <u>United States v. Quinones</u>, 00 Cr. 761 (JSR) (SDNY 2004).

If evidence was received for a limited purpose, you must consider that evidence for that limited purpose only.

B.     What Is <u>Not</u> Evidence:

Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

1)     The indictment is not evidence.

2)     Arguments or statements by the attorneys are not evidence.

3)     Objections to the questions or to offered exhibits are not evidence. Attorneys have a duty to object when they believe evidence should not be received.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, ignore the question.  If the objection was overruled, treat the answer like any other answer.  The jury should not draw any inferences from any of my rulings on objections.

4)     Questions in and of themselves are not evidence – it is the question together with the answer that constitutes evidence.

5)     Any testimony stricken by the court is not evidence.

6)     Any exhibits identified, but not admitted into evidence by the court, are not evidence.

7)     Obviously, anything you may have seen or heard outside the courtroom is not evidence.

8)     During the course of the trial, I may have questioned witnesses.  I also may have had limited colloquy, debate, and argument with the attorneys.  The jury should not draw any inferences from observing these interactions.  They were conducted in a non-partisan fashion for the sole purpose of ensuring the orderly and clear presentation of evidence to the jury.  Exchanges between the court and counsel do not constitute evidence and must be disregarded by you.  You should not hold any such exchange against either party.  You are not to consider anything I have said during this trial, nor anything that I may have

4

said or will say during the course of this charge, as indicative that I may have any opinion on this case, one way or another, because I do not.

In reaching your decision as to whether the government sustained its burden of proof, it is improper for you to consider any personal feelings you may have about the defendant's race, religion, national origin, ethnic background, sex, or age. All persons are entitled to the presumption of innocence and the government has the same burden of proof for each.

I further instruct you that it would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.[3]

### 4.    Direct and Circumstantial Evidence

There are, generally speaking, two types of evidence from which you may find the truth as to the facts of this case – "direct" and "circumstantial."

One type is direct evidence – such as the statements of a defendant regarding his own actions or the testimony of any eyewitness who asserts actual knowledge of a fact, that is, he testifies to what he saw or heard, or what he knows based on his personal knowledge, that is, something he learned from his own senses.

The other type is circumstantial evidence – evidence that tends to prove a disputed fact by proof of other facts. Put differently, it involves proof of a chain of facts and circumstances that indicate that something happened. Stated more simply, circumstantial evidence describes evidence of surrounding circumstances from which a jury might conclude that an event has taken place.

Let me give you a simple example to illustrate the difference between direct and circumstantial evidence. Assume you glance out the window before going to sleep on a winter's night, and the ground is dry. The next morning when you wake up, the sky is clear but the ground is covered with snow. Although you never have

---

[3]    Jury charge of the Honorable Dora L. Irizarry in <u>United States v. Boston</u>, 11 Cr. 107 (DLI) (EDNY 2011).

witnessed snow actually falling, you may infer from the snow cover that during the night there was a snowfall.

Circumstantial evidence is of no less value than direct evidence. Thus, no greater degree of certainty is required of circumstantial as opposed to direct evidence. The law makes no distinction between direct and circumstantial evidence. You may use either or both to find a defendant guilty or not guilty just as long as, if the finding is guilty, you are convinced beyond a reasonable doubt. Thus, in order to convict a defendant, the jury must be satisfied of a defendant's guilt beyond a reasonable doubt after weighing all of the evidence in the case.[4]

### 5.    **Stipulations**

The evidence in this case includes facts to which the attorneys have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. As there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as evidence and regard that fact and give it whatever weight you choose.[5]

### 6.    **Deciding What to Believe**

In deciding what the facts are, you must decide which testimony to believe and which testimony not to believe. In making that decision, there are a number of factors you may take into account, including the following:

A.    Did the witness impress you as honest? You may consider the demeanor of the witness on the stand and his or her manner of testifying.

B.    Did the witness have any particular reason not to tell the truth?

C.    Did the witness have a personal interest in the outcome of the case?

---

[4]    Jury charge of the Honorable Freda L. Wolfson in United States v. Bryant and Gallagher, 07 Cr. 267 (FLW) (DNJ 2008).

[5]    Jury charge of the Honorable Dora L. Irizarry in United States v. Boston, 11 Cr. 107 (DLI) (EDNY 2011).

6

D.     Did the witness seem to have a good memory? People sometimes forget things. A contradiction may be an innocent lapse of memory or it may be an intentional falsehood.

E.     Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

F.     Did the witness appear to understand the questions clearly and answer them directly?

G.     Did the testimony of that particular witness differ from that of other witnesses?  You may consider the factual probability or improbability of the statements of each witness, when viewed in light of all of the other evidence in the case.

H.     Was the testimony logical?

Different people observing an event may remember it differently, and therefore, may testify about it differently. If it appears that there are discrepancies in the evidence, you will have to consider whether any apparent discrepancies may be reconciled.  If, however, that is not possible, then you must decide which testimony, if any, you will accept.  Consider, therefore, whether it has to do with an important fact, or only a small detail.  Should you, in the course of your deliberations, find that any witness has testified falsely as to any material fact, you may disregard the entire testimony of that witness or you may, if you wish, give credence to so much of the testimony as you believe to be true, and reject only the part that you conclude is false.  That is entirely for you to determine.[6]

## 7.     __Improper Consideration of the Defendant's Right Not to Testify__ (if applicable)

The defendant did not testify in this case.  Under our constitution, the defendant has no obligation to testify or to present any evidence, because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

---

[6]     Jury charge of the Honorable Dora L. Irizarry in United States v. Boston, 11 Cr. 107 (DLI) (EDNY 2011).

Therefore, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.[7]

### 8.    Admissions of Defendant

Evidence has been introduced that the defendant made statements to the police about the crimes charged. You should weigh that evidence with caution and carefully consider all the circumstances surrounding the making of the statement. Do this in deciding what weight to give it, along with all the other evidence, when deciding the guilt or innocence of the defendant. In examining the circumstances surrounding the statement, you may consider whether the defendant made freely and voluntarily with an understanding of what he was saying. You may consider whether he made it without fear, threats, coercion, or force, either physical or psychological, and without promise of reward. You may consider the conversation, if any, between the police and the defendant. For example, you may consider whether the police warned him of his rights; where and when the statement was given; the length of time, if any, the police questioned him; who was present; the physical and mental condition of the defendant. You may consider the age, disposition, education, experience, character and intelligence of the defendant. Considering all the circumstances, you should give his statement such weight as you think it deserves.[8]

### 9.    Number of Witnesses and Uncontradicted Witnesses

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of

---

[7]    Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21, <u>citing, inter alia</u>, <u>Griffin v. California</u>, 380 U.S. 609 (1965).

[8]    Criminal Jury Instruction for the District of Columbia, Instruction 2.48, Statements of the Defendant – Substantive Evidence; <u>see also</u> <u>Mallory v. United States</u>, 354 U.S. 449 (1957), <u>United States v. Yousef</u>, 327 F.3d 56 (2d Cir. 2003), <u>United States v. Reed</u>, 572 F.2d 412 (2d Cir. 1978); 18 U.S.C. § 3501(a) ("If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances").

the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience.  After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.[9]

### 10.    <u>Witness Credibility — General Instruction</u>

You have had an opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his testimony or did he contradict himself?  Did the witness appear to know

---

[9]     Sand, <u>Modern Federal Jury Instructions</u>, Instr. 4-3.

what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias.  Does the witness have a relationship with the government or the defendant that may affect how he or she testified?  Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness – consciously or not – to give you something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness's ability to express himself or herself.  Ask yourselves whether the witness's recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.[10]

## 11.  Government Informants

You have heard witnesses testify that they were involved in planning and carrying out the crimes related to those charged in the indictment.  Such testimony must be scrutinized with great care and viewed with particular caution, particularly because a witness may be testifying to gain benefit for himself.  Since the witness has admitted to being a criminal, that criminality may affect your judgment of his credibility.[11]

---

[10]    Sand, Modern Federal Jury Instructions, Instr. 7-1.  According to a footnote to Sand's charge, the general instruction for witness credibility suggested above is originally adapted from a charge given by the Honorable Jed S. Rakoff.

[11]    Jury Charge of the Honorable Jack B. Weinstein in United States v. Amato, 92 Cr. 351 (JBW) (EDNY 1993).

### 12.  **Inferences Defined**

During the trial you have heard the attorneys use the term inference, and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw, but not required to draw, from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.[12]

---

[12]    Sand, Modern Federal Jury Instructions, Instr. 6-1, citing, inter alia, Turner v. United States, 396 U.S. 398 (1970); Holland v. United States, 348 U.S. 121 (1954); United States v. Pfingst, 477 F.2d 177 (2d Cir. 1973); United States v. Crespo, 422 F.2d 718 (2d Cir. 1970).

### 13.  **Missing Witness Not Equally Available to Defendant (if applicable)**

You have heard evidence about a witness who has not been called to testify. The defense has argued that the witness could have given material testimony in this case and that the government was in the best position to produce this witness.

If you find that this uncalled witness could have been called by the government and would have given important new testimony, and that the government was in the best position to call him, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witness would have been unfavorable to the government.

In deciding whether to draw an inference that the uncalled witness would have testified unfavorably to the government, you may consider whether the witness' testimony would have merely repeated other testimony and evidence already before you.[13]

### 14.  **Knowledge, Malice and Intent**

Knowledge, malice and intent involve the state of a person's mind. It has often been said to juries that the state of one's mind is a fact as much as the state of his digestion.  Accordingly, this is a fact you are called upon to decide.

Medical science has not yet devised an instrument which can record what was in one's mind in the distant past.  Rarely is direct proof available to establish the state of ones mind.  This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence.  Accordingly, intent, malice and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.[14]

---

[13]    Sand, Modern Federal Jury Instructions, Instr. 6-5, citing, inter alia, United States v. Erb, 543 F.2d 438 (2d Cir. 1976); United States v. Dixon, 536 F.2d 1388 (2d Cir. 1976).

[14]    Sand, Modern Federal Jury Instructions, Instr. 6-17, which in turn was adapted from the charge of the Hon. Edward Weinfeld in United States v. Lloyd, 80 Cr. 369 (EW) (SDNY 1980).

### 15.     <u>Prior Inconsistent Statements</u> (if applicable)

You heard evidence that, before testifying at this trial, a witness or witnesses made a statement or statements concerning the same subject matter as his or her testimony in this trial. You may consider the earlier statement(s) to help you decide how much of that witness's testimony to believe. If you find that the prior statement was not consistent with the testimony of that witness at this trial, then you should decide whether that affects the believability of his or her testimony at this trial. I also instruct you that a prior statement, if you find that it was, in fact, made, is not evidence that the statement is true. You may consider the prior consistency or inconsistency only as bearing on the weight or credibility that you wish to give the testimony that the witness presented in this trial. [15]

### 16.     <u>Law Enforcement Witnesses</u>

You have heard testimony from one or more Special Agents of the Federal Bureau of Investigation, a Criminal Investigator in the United States Attorney's Office, a Criminal Investigator in the United States Marshals Service, and a Postal Inspector with the United States Postal Inspection Service. The fact that a witness acts in a law enforcement capacity does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is for you to decide, after weighing all the evidence, in light of the instructions I have given you about factors relevant to determining the credibility of any witness, whether you accept the testimony of a government employee or law enforcement witness and what weight, if any, it deserves. [16]

### 17.     <u>Introduction to Elements of the Offense –</u>
         <u>Conspiracy to Murder Employees of the United States</u>

With these preliminary instructions in mind, let us turn to the two charges against the defendant, Joseph Romano. Counts 1 and 2 of the indictment charge Joseph Romano with conspiracy to murder employees of the United States. Specifically Count 1 charges:

---

[15]     Jury charge of the Honorable Dora L. Irizarry in <u>United States v. Boston</u>, 11 Cr. 107 (DLI) (EDNY 2011).

[16]     Adapted from Jury charge of the Honorable Dora L. Irizarry in <u>United States v. Boston</u>, 11 Cr. 107 (DLI) (EDNY 2011).

> [Insert language from Count 1 here, once the trial indictment has been approved by this Court.]

And Count 2 charges:

> [Insert language from Count 2 here, once the trial indictment has been approved by this Court.]

The term an "officer and employee of the United States" is self-explanatory. It includes officers and employees of any agency in any branch of the United States government, including Federal judges and prosecutors. The parties have stipulated that Judge Joseph F. Bianco and Assistant United States Attorney Lara Treinis Gatz are officers and employees of the United States.

Furthermore, the specific statute that the defendant is charged with violating in both counts is Section 1117 of Title 18 of the United States Code. That section reads, in relevant part:

> If two or more persons conspire to violate section 1111 [or] 1114 … of this title, and one or more of such persons do any overt act to effect the object of the conspiracy, each is guilty of a crime.

Section 1111 of the United States Code, Title 18, reads, in relative part:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious and premeditated killing … is murder in the first degree.

Section 1114 of the United States Code, Title 18, reads, in relative part:

> Whoever kills or attempts to kill any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties on or

14

account of that assistance, shall be punished ... in the case of murder, as provided under section 1111.[17]

## 18.    Elements of Conspiracy to Murder Employees of the United States

In order for a defendant to be guilty of a conspiracy to violate federal law, the government must prove beyond a reasonable doubt, first, that such a conspiracy existed; second that at some point the defendant knowingly and willfully joined and participated in the conspiracy; and third, that at least one overt act in furtherance of the conspiracy was knowingly and willfully committed by at least one member of the conspiracy.

With respect to the first element, a "conspiracy" is an agreement among two or more persons to achieve an unlawful object, in this case, the carrying out of the murders of Judge Joseph Bianco and Assistant United States Attorney Lara Treinis Gatz.  To show a conspiratorial agreement, the government is not required to prove that two or more people entered into a solemn pact, but only that two or more persons explicitly or implicitly came to an understanding to achieve the specified unlawful object, whether or not they were successful.  Also, it is not necessary for the government to prove that the conspiracy lasted throughout the entire period alleged, that is February 1, 2012 through October 9, 2012, both dates being approximate and inclusive, but only that it existed for some time within that period.

With respect to the second element – that the defendant knowingly and willfully joined and participated in the conspiracy – to act "knowingly means to act consciously and deliberately rather than mistakenly or inadvertently, and to act "willfully" means to act purposely and with an intent to do something unlawful. Thus, a defendant enters into a conspiracy "knowingly and willfully" if he joins and participates in the conspiracy with knowledge of, and the intent to further, its unlawful object.  He may have joined the conspiracy at any time in its duration, and may not have received any benefit in return.  However, mere association by a defendant with a conspirator does not itself make the defendant a member of the conspiracy even if he knows of the conspiracy.  In other words, knowledge is not enough; the defendant himself must intentionally participate in the conspiracy with the purpose of helping to achieve at least one of its unlawful objects, which in this case are the murders of a Federal judge and a prosecutor.  Further, if the defendant

---

[17]    Adapted from the charge of the Honorable Louis A. Kaplan in United States v. Ahmed Khalfan Ghailani, 98 Cr. 1023 (LAK) (SDNY 2010).

intended his conduct solely to achieve some other purpose, such as recusal or mere physical injury but not death, then it cannot be said that he knowingly and willfully joined the murder conspiracies.

Finally, with respect to the third element – that some member of the conspiracy, not necessarily the defendant, knowingly and willfully committed an overt act in furtherance of the conspiracy – an "overt act" is any action intended to help achieve the object of the conspiracy.  An overt act need not itself be a criminal act, but it must contribute to furthering the conspiracy.[18]

### 19.  **Sears Charge**

It is not sufficient that the unlawful agreement was only between the defendant and a government agent, such as a coopering witness, a confidential informant, or an undercover law enforcement officer.  Some other person who was not a government agent must have entered into the unlawful agreement with the defendant in order for a conspiracy to exist.  To put it another way, unless at least two people commit the act of agreeing, no one does.  When one of two persons merely pretends to agree, the other party, whatever he may believe, is in fact not conspiring with anyone.

*[If granted, we request that the Sears charge be inserted into the elements of conspiracy charge described above, immediately after the paragraph discussing the second element of conspiracy.][19]*

---

[18]      Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-3S, which itself was adapted from the charge of the Honorable Jed S. Rakoff in United States v. Rodin, 03 Cr. 1499 (JSR) (SDNY 2005); see also Sand, Modern Federal Jury Instructions, Instrs. 6-3 (Impermissible to Infer Participation from Mere Presence), 6-4 (Impermissible to Infer Participation from Association).

[19]      Adapted from Sand, Modern Federal Jury Instructions, Comment to Instr. 19-4, citing, Sears v. United States, 343 F.2d 139, 142 (5th Cir. 1965), and also from United States v. Rosenblatt, 554 F.2d 36, 38 (2d Cir. 1977) (citing Spears with approval and also holding, "[u]nless at least two people commit (the act of agreeing), no one does. When one of two persons merely pretends to agree, the other party, whatever he may believe, is in fact not conspiring with anyone") (additional citations omitted).

### 20.   Multiple Conspiracies –
### Coin Fraud vs. Murder Conspiracy

In this case, the government contends that the defendant participated in multiple and separate conspiracies. First, the government contends that the defendant previously committed two separate coin fraud conspiracies, neither of which are charged in the present indictment and the first of which Mr. Romano pleaded guilty to in a separate case. Next, the government contends that Mr. Romano conspired to murder Judge Bianco and Assistant United States Attorney Gatz. Mr. Romano is only on trial here for the two murder conspiracies, and your obligation is to consider only his guilt of those murder conspiracies. Proof of prior separate and independent conspiracies is not proof of the conspiracies charged in this case.

While you may consider the prior coin fraud conspiracies in the context of background, motive, or to establish the relationship of the parties involved in the murder conspiracies, the mere fact that Mr. Romano may have previously conspired to commit coin fraud is not proof that he commit the presently charged murder conspiracies.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes. Therefore, what you must do is determine whether the murder conspiracies charged in the present indictment existed, nothing less.[20]

### 21.   Entrapment (if applicable)

The defendant asserts as a defense that he was the victim of entrapment by an agent of the government, which, in the context of this case, includes cooperating witnesses, cooperating informants, and undercover law enforcement officers. A valid entrapment defense has two related elements: the government's inducement of the crime; and the defendant's lack of predisposition to engage in the type of criminal conduct charged against him.

---

[20]   Adapted from Sand, Modern Federal Jury Instructions, Instr. 19-5, in conjunction with this Court's Orders, dated, August 27, 2013 (*ecf* #98), October 16, 2013 (*ecf* #106), and November 21, 2013 (*ecf* #112).

While the law permits government agents to trap an unwary criminally-minded person, the law does not permit government agents to entrap an unwary innocent. Thus, a defendant may not be convicted of a crime if it was the government, or its agents, who gave the defendant the idea to commit the crime, if it was the government's agents who also persuaded him to commit the crime, and if the defendant was not ready and willing to commit the crime before the government officials or agents first spoke with him. On the other hand, if the defendant was ready and willing to commit the crime, and the government merely presented him with an opportunity to do so, that would not constitute entrapment.

As such, your inquiry on this issue should first be to determine if there is any evidence that a government agent took the first step that led to a criminal act, in this case, the conspiracies to murder Judge Joseph F. Bianco and Assistant United States Attorney Lara Treinis Gatz. If you find there was no such evidence, there can be no entrapment and your inquiry on this defense should end there. If, on the other hand, you find some evidence that a government agent initiated the murder conspiracies charged in the indictment, then you must decide if the prosecution has satisfied its burden to prove, beyond a reasonable doubt, that prior to first being approached by government agents the defendant was ready and willing to commit those specific crimes.

If you find beyond a reasonable doubt that the defendant was predisposed, that is, ready and willing to enter into the charged murder conspiracies, and was merely awaiting a favorable opportunity to commit them, then you should find that the defendant was not the victim of entrapment. On the other hand, if you have a reasonable doubt that the defendant would have entered into the murder conspiracies without the government's inducements, you must acquit the defendant.

With respect to determining predisposition, for the Government to show that the defendant was predisposed to conspire to murder Judge Bianco and Assistant United States Attorney Gatz, the Government must prove that the defendant was disposed to enter into the murder conspiracies prior to first being approached by government agents. For the Government to establish predisposition through conduct that occurred after the government's involvement, the conduct you consider must be independent of the defendant's interactions with government agents, and also may not be conduct that is the product of the attention that the government had directed at the defendant. If you find that the government has been unable to establish, beyond a reasonable doubt, that Mr. Romano was

predisposed to conspire to murder a Federal judge and a prosecutor, then you must acquit Mr. Romano of the charged murder conspiracies.[21]

## 22.  **Consider Only the Charges/Similar Acts**
### **(if applicable)**

The defendant is not charged with committing any crime other than the offenses contained in the indictment.  You have heard evidence of other acts allegedly committed by his alleged co-conspirators.  When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose.  I will explain that limited purpose again in a moment.  But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

The government has offered evidence tending to show that on a different occasion the defendant's alleged co-conspirators engaged in conduct similar to the charges in the indictment.

In that connection, let me remind you that the defendant is not on trial for committing those acts not alleged in the indictment.  Nor is the defendant on trial for acts committed by his alleged co-conspirators.  Accordingly, you may not consider this evidence of the similar acts as a substitute for proof that the defendant has a criminal personality or bad character.  The evidence of other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that the defendant or his alleged co-conspirators committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant and/or his alleged co-conspirators acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of similar acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because the

---

[21]  Adapted from Sand, Modern Federal Jury Instructions, Instr. 8-7, citing, inter alia, Jacobson v. United States, 503 U.S. 540 (1992), Mathews v. United States, 485 U.S. 58 (1988), United States v. Brand, 467 F.3d 179 (2d Cir. 2006), United States v. Han, 230 F.3d 560 (2d Cir. 2000); as well as from the Second Circuit's more recent opinion in United States v. Cromitie, 727 F.3d 194, 204, 208-09 (2d Cir. 2013), which was decided on August 22, 2013.

defendant or his alleged co-conspirators committed the other acts then the defendant must also have committed the acts charged in the indictment.  You are not permitted to make such inferences.[22]

## 23.  <u>Venue</u>

In addition to the foregoing elements of the offense, you must consider whether any act in furtherance of the crime occurred within the Eastern District of New York, or whether venue can be established in some other manner.

You are instructed that the Eastern District of New York encompasses Brooklyn (Kings County), Queens, Richmond, and Suffolk counties, as well as the waters within the counties of the Bronx and Manhattan, which is also known as New York County.

In this regard, the government need not prove that the crime itself was committed in this district or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district.  If you find that the government has failed to prove that any act in furtherance of the crime occurred within this district, or if you have a reasonable doubt on this issue, then you must acquit.[23]

---

[22]    Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 3-3, 5-25.

[23]    Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-11.

## IV.    **Conclusion**

Defendant Joseph Romano respectfully requests that the requests to charge enumerated herein be incorporated into this Court's final instructions to the jury. Further, Defendant respectfully reserves the right to request additional instructions should they become necessary.

Dated:  New York, New York
         January 2, 2014

                        Respectfully submitted,

                        /S/

                        Michael K. Bachrach
                        George R. Goltzer

                        *Attorneys for Defendant Joseph Romano*