WJH:MLM/UAD
F.#2012R1316

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -                                    12-CR-691 (JFK)

JOSEPH ROMANO,

            Defendant.

- - - - - - - - - - - - - - - - - - -X

<u>GOVERNMENT'S REQUESTS TO CHARGE</u>

                                           WILLIAM J. HOCHUL, JR.
                                           UNITED STATES ATTORNEY
                                           Western District of New York
                                           138 Delaware Avenue
                                           Buffalo, NY 14202

MARSHALL L. MILLER
UNA A. DEAN
Assistant U.S. Attorneys
    (Of Counsel)

<u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT..........................................1

General Requests...............................................2

REQUEST NO. 1
      Conspiracy to Murder an Employee of the United States......4

REQUEST NO. 2
      Murder of an Employee of the United States...............16

REQUEST NO. 3
      Impossibility of Success.................................19

REQUEST NO. 4
      Acts and Declarations of Co-Conspirators.................20

REQUEST NO. 5
      Withdrawal from Conspiracy (if applicable)...............22

REQUEST NO. 6
      Cooperator Testimony.....................................24

REQUEST NO. 7
      Interviewed Witnesses....................................27

REQUEST NO. 8
      Other Individuals Not on Trial...........................28

REQUEST NO. 9
      Uncalled Witnesses Equally Available to Both Sides (if
      applicable)..............................................29

REQUEST NO. 10
      Certain Statements Not Offered for Truth of the Matter....30

REQUEST NO. 11
      Redactions...............................................31

REQUEST NO. 12
      Consensual Recordings....................................32

REQUEST NO. 13
      Transcripts of Recordings................................33

REQUEST NO. 14
      Other Bad Acts...........................................34

REQUEST NO. 15
      Entrapment (if applicable)...............................35

CONCLUSION....................................................38

<u>PRELIMINARY STATEMENT</u>

The government respectfully requests that the Court include the following instructions in its charge to the jury in this case, and requests leave to propose additional instructions should such instructions become appropriate during the course of the trial.

The government respectfully requests that copies of the Indictment and the jury instructions be provided to the jurors during their deliberations.

General Requests

The government respectfully requests that the Court charge the jury in its usual manner on the following subjects:

a.  Role of the Court and the Jury;

b.  Equality of the Parties Before the Court;

c.  Jury Communications with Lawyers and the Court;

d.  Presumption of Innocence;

e.  Burden of Proof and Reasonable Doubt;

f.  Circumstantial Evidence and Direct Evidence;

g.  Charts and Summaries;

h.  Function of the Indictment and What is Not Evidence;

i.  Permissible Inferences from Evidence;

j.  Objections;

k.  Law Enforcement Witnesses;

l.  Credibility of Witnesses and Discrepancies in Testimony;

m.  Stipulations;

n.  Right to See Exhibits and Have Testimony Read During Deliberations;

o.  Defendant's Testimony/No Inference to Be Drawn From Defendant's Failure To Testify (whichever applicable);

2

p.    Impeachment of Defendant – Previous Conviction
      (if applicable);

q.    Questioning Wisdom of Law or Basing Verdict on
      Sympathy or Prejudice Prohibited;

r.    All Available Evidence Need Not Be Produced;

s.    Specific Law Enforcement Techniques Not Required;

t.    Dates Approximate;

u.    Punishment Not the Province of the Jury;

v.    Unanimity; and

w.    Meaning of "and" in the Indictment.

<u>REQUEST NO. 1</u>

<u>Conspiracy to Murder an Employee of the United States</u>

Counts One and Two of the Indictment both charge the defendant with conspiring to murder an officer and employee of the United States while such officer and employee was engaged in, or on account of the performance of, official duties.

Count One charges the defendant Joseph Romano as follows:

> On or about and between February 1, 2012 and October 9, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, defendant JOSEPH ROMANO, together with others, did knowingly and intentionally conspire to kill an officer and employee of the United States and of an agency in a branch of the United States Government, to wit: United States District Judge Joseph Bianco, while such officer and employee was engaged in, and on account of the performance of, official duties, contrary to Title 18, United States Code, Section 1114.

Count Two charges the defendant Joseph Romano as follows:

> On or about and between February 1, 2012 and October 9, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH ROMANO, together with others, did knowingly and intentionally conspire to kill an officer and employee of the United States and of an agency in a branch of the United States Government, to wit: Assistant United States Attorney Lara Treinis Gatz, while such officer and employee was engaged in, and on account of

4

the performance of, official duties, contrary
to Title 18, United States Code, Section 1114.

The statute that the defendant is charged with
violating for both Counts One and Two is Title 18 of the United
States Code, Section 1117.  That statute, in pertinent part,
provides that:

> If two or more persons conspire to violate
> section . . . 1114 . . . of this title, and
> one or more persons do any overt act to effect
> the object of the conspiracy, each [is guilty
> of a crime].

> Section 1114 provides, in pertinent part, that:

> Whoever kills or attempts to kill any officer
> or employee of the United States or of any
> agency in any branch of the United States
> Government (including any member of the
> uniformed services) while such officer or
> employee is engaged in or on account of the
> performance of official duties, or any person
> assisting such an officer or employee in the
> performance of such duties or on account of
> that assistance [is guilty of a crime].

 A conspiracy is a kind of criminal partnership -- a
combination or agreement of two or more persons to join together
to accomplish some unlawful purpose.  The crime of conspiracy to
violate a federal law is an independent offense.  It is separate
and distinct from the actual violation of any specific federal
laws, which are usually referred to as "substantive crimes."
Indeed, you may find a defendant guilty of the crime of
conspiracy to commit an offense against the United States even

5

though the substantive crime that was the object of the conspiracy was not actually committed.  Moreover, you may find the defendant guilty of conspiracy despite the fact that he himself was incapable of committing the substantive crime.

In order to satisfy its burden of proof with respect to the conspiracy charges, the government must establish each of the following four elements of the crime of conspiracy beyond a reasonable doubt:

First: That two or more persons entered into an unlawful agreement, as charged in Count One and in Count Two.

Second: That the defendant knowingly and willfully became a member of the conspiracy.

Third: That at some time during the existence of the agreement or conspiracy, at least one of its members performed at least one of the overt acts charged in the Indictment.  I will explain the term overt act in a moment.

Fourth, that the overt act(s) which you find to have been committed was (were) committed to further some objective of the conspiracy.

I will explain each of these elements in more detail.

First: The first element of conspiracy requires proof beyond a reasonable doubt that two or more persons entered into an unlawful agreement.  In other words, one cannot commit the

6

crime of conspiracy by oneself.  Rather, the proof must convince you that at least two persons, who were not at the time government agents or informants, joined together in a common criminal scheme.

Now, to prove that two or more persons had entered into a common agreement, the government need not establish that members of the conspiracy met together and entered into any express or formal agreement.  You need not find that the alleged conspirators stated, in words or in writing, what the scheme was, its object or purpose, or the means by which it was to be accomplished.  It is sufficient to show that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

For both Count One and Count Two, that would mean that the conspirators came to a mutual understanding to engage in the murder of an employee of the United States: Count One alleges a conspiracy to murder United States District Judge Joseph Bianco, and Count Two alleges a conspiracy to murder Assistant United States Attorney Lara Treinis Gatz.  I will explain to you the elements of murder in a moment.

As I mentioned before, to convict on either Count One or Count Two, you must find beyond a reasonable doubt that there was an agreement to commit the unlawful objective of the

7

conspiracy alleged, again, for Count One, the murder of United States District Judge Joseph Bianco, and for Count Two, the murder of Assistant United States Attorney Lara Treinis Gatz. All of the jurors must be unanimous that there was an agreement to commit the unlawful objective charged in each count.

You may find that the existence of an agreement between two or more persons to engage in criminal conduct has been established by direct proof. But since a conspiracy is, by its very nature, characterized by secrecy, direct proof may not be available. You may, therefore, infer the existence of a conspiracy from the circumstances, acts and statements of all of the parties involved in the conspiracy. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.

Second: The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully, and voluntarily became a participant in, or member of, the conspiracy charged.

If you are satisfied that the conspiracy charged in each count existed, you must then ask yourselves who the members of that conspiracy were. In deciding whether the defendant was, in fact, a member of the conspiracy charged, you should consider

whether, based upon all of the evidence, it is shown that the defendant knowingly and willfully joined the conspiracy.  Did he participate in it with the knowledge of its unlawful purpose and with the specific intention of furthering its objective?

The key question is whether the defendant joined the conspiracy with an awareness of the basic aim and purpose of the unlawful agreement.  The defendant need not have known the identities of each and every other member of the conspiracy.  He need not have been fully informed as to all of the details or the scope of the conspiracy.  He need not have been a member of the conspiracy for the entire time of its existence.  He need not have joined in all of the conspiracy's unlawful objectives.

If the defendant did knowingly and intentionally participate in the conspiracy, the extent of his participation has no bearing on the issue of his guilt.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play minor parts in the scheme.  Even if the defendant played only a minor role in the conspiracy, you may find him guilty of participation.

The government must prove beyond a reasonable doubt the defendant's participation in the conspiracy by proof based on reasonable inferences drawn from evidence of his own acts,

conduct, statements or declarations, and his connection with the acts and conduct of other alleged co-conspirators.

I must caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with or relation to one or more members of the conspiracy does not make the defendant a member. A person may know, be friendly with, or work with a person engaged in criminal activity without being a criminal himself.

Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, though you may consider any such evidence together with other evidence in deciding whether or not the government has met its burden of proof as to the defendant's knowing and willful membership in the conspiracy. I also want to caution you that mere knowledge of, or acquiescence without participation in, the unlawful plan is not sufficient to prove membership. Moreover, the fact that the defendant, without knowledge, merely happens to act in a way that furthers the purposes or objectives of the conspiracy, does not make him a member. More is required under the law.

10

What is required is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged in, advised, or assisted in it for the purpose of furthering the illegal undertaking.

Third:  The third element that must be proved beyond a reasonable doubt to prove a conspiracy is that at least one of the overt acts charged in the Indictment was knowingly committed by a conspirator at or about the time and place alleged.  The Indictment charges the following overt acts for both Count One and Count Two in this case:

a.   On or about August 21, 2012, ROMANO held a meeting at the Nassau County Correctional Center ("NCCC") with an individual posing as a hitman, who in fact was an undercover police officer (the "UC").

b.   On or about September 5, 2012, ROMANO directed MIRKOVIC to call the UC to set up a meeting.

c.   On or about September 10, 2012, ROMANO met with the UC at the NCCC.

d.   On or about September 14, 2012, MIRKOVIC delivered $1,500 to an individual posing as an associate of

the UC, but who in fact was another
undercover police officer.

e.    On or about September 25, 2012,
      MIRKOVIC flew from Florida to New York.

f.    On or about September 25, 2012,
      MIRKOVIC paid the UC $1,500.

g.    On or about September 25, 2012,
      MIRKOVIC and ROMANO met at the NCCC.

h.    On or about September 25, 2012,
      MIRKOVIC paid $12,000 to the UC.

i.    On or about September 25, 2012,
      MIRKOVIC indicated to the UC that the
      $12,000 was a partial down payment for
      the murders of United States District
      Judge Joseph Bianco and Assistant
      United States Attorney Lara Treinis
      Gatz.

j.    On or about October 2, 2012, MIRKOVIC
      flew from Florida to New York.

k.    On or about October 2, 2012, MIRKOVIC
      paid $10,000 to the UC.

l.    On or about October 2, 2012, MIRKOVIC
      indicated to the UC that the $10,000
      was a final down payment for the
      murders of United States District Judge
      Joseph Bianco and Assistant United
      States Attorney Lara Treinis Gatz.

m.    On or about October 5, 2012, MIRKOVIC
      withdrew $9,800 from a bank account.

n.    On or about October 9, 2012, MIRKOVIC
      stored $18,000 in a safe at his
      residence.

An overt act means an act committed or caused to be

committed by any member of the conspiracy in an effort to

12

accomplish some object or purpose of the conspiracy. The overt act need not be an unlawful act in and of itself, but it must be an act that promotes, aids, or assists the unlawful goals of the conspiracy.

The Indictment lists fourteen overt acts which the defendant and/or a conspirator is alleged to have committed and caused to be committed in furtherance of the charged conspiracy. In determining whether one of these acts did in fact occur, you need not consider whether it occurred on the specific date alleged in the Indictment; it is sufficient if you find that it occurred within the period of the conspiracy's existence.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged be proven. You must find that at least one of the alleged overt acts was committed, and your decision as to which one must be unanimous. That is, it would not be sufficient for six of you to find that overt act (a) was committed and six of you to find that overt act (b) was committed. All of you must agree on the same overt act.

You do not need to find that the defendant in this case committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since

13

such an act becomes, in the eyes of the law, the act of all the members of the conspiracy.

Fourth:  The fourth and final element that the government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

This requires the government to prove beyond a reasonable doubt that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the Indictment.  In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act which, in and of itself, is criminal or constitutes an objective of the conspiracy.

In sum, the burden is on the government to prove each essential element of the charged conspiracy beyond a reasonable doubt, namely:

First: That two or more persons entered into an unlawful agreement, as charged in each count of the Indictment.

14

Second: That the defendant knowingly and willfully became a member of the conspiracy.

Third: That at some time during the existence of the agreement or conspiracy, at least one of its members performed at least one of the overt acts charged in the Indictment.

Fourth, that the overt act(s) which you find to have been committed was (were) committed to further some objective of the conspiracy.

### Authority

Adapted from the charge of the Hon. Carol B. Amon, United States v. Bernard, E.D.N.Y., 03 CR 0241 (CBA); L. Sand, J. Siffert, W. Laughlin, & S. Reiss, Modern Federal Jury Instructions, [hereinafter "Sand et al."], Form Instruction 19-7, 50-1 through 50-7; United States v. Sacco, 436 F.2d 780 (2d Cir.), cert. denied, 404 U.S. 834 (1971).

REQUEST NO. 2
Murder of An Employee of the United States

The defendant is charged in both Count One and Count Two with conspiracy to murder an employee of the United States — namely, for Count One, United States District Judge Joseph Bianco, and for Count Two, Assistant United States Attorney Lara Treinis Gatz. As I read to you earlier, the statute the defendant is charged with conspiring to violate, Title 18, United States Code, Section 1114 provides, in pertinent part, that:

> Whoever kills or attempts to kill any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance [is guilty of a crime].

The relevant statute, Title 18, United States Code, Section 1111, defines "murder" as:

> The unlawful killing of a human being with malice aforethought.  Every murder perpetrated by . . . premeditated killing . . . is murder in the first degree.

Because the defendant is not charged with murder, and indeed because no murder was committed, the government does not of course have to prove that the defendant committed murder.

16

Nonetheless, in order for you to properly consider the conspiracy charges, I must instruct you about the elements of the crime of murder of an employee of the United States.

The specific elements of murder of an employee of the United States, are:

First, an individual unlawfully caused the death of an employee of the United States;

Second, the individual acted with malice aforethought;

Third, the individual acted with premeditation; and

Fourth, on or about the date of the alleged killing, the employee was a federal officer;

Fifth, at the time of the killing, the employee was engaged in the performance of his or her official duties or was killed on account of his or her official duties.

An act is done unlawfully if it was done without justification or excuse. Malice is the state of mind that would cause a person to act without regard to the life of another. An act is done with premeditation if it is done upon planning or deliberation.

I instruct you that a federal officer includes a Judge of a United States District Court as well as an Assistant United States Attorney. The government does not have to prove

17

that the defendant knew that the victim was a federal officer. An employee is killed "on account of" his or her official duties where the killing was motivated by the employee's performance of his or her official duties.

I remind you again, however, that Counts One and Two charge the defendant with conspiring to commit murder rather than actually committing it.

### Authority

Adapted from Sand, et al., Form Instruction 41-1, 41-2, 41-3, 41-4, 41-5, 41-24.

18

<u>REQUEST NO. 3</u>
<u>Impossibility of Success</u>

It is not a defense to a conspiracy charge that the object of the conspiracy could not be achieved because of circumstances that the conspirators did not know about.  Thus, you may find the defendant guilty of conspiracy even though it was impossible for the conspirators to carry out their plan successfully.

<u>Authority</u>

Adapted from Sand, et al., Form Instruction 19-10.1.

19

REQUEST NO. 4
Acts and Declarations of Co-Conspirators

I have admitted into evidence against the defendant the acts and statements of others because these acts were committed and statements were made by persons who, the government charges, were also confederates or co-conspirators of the defendant.

The reason for allowing this evidence to be received against a defendant has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all the members, and all the members are responsible for such acts, declarations, statements and omissions. Consequently, all members of a conspiracy are liable for the reasonably foreseeable substantive crimes committed in furtherance of the

20

conspiratorial goal by one or more of the members of the conspiracy.

If you find beyond a reasonable doubt that a defendant was a member of a conspiracy charged in the Indictment, then the acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant.  This is so even if such acts were done in a defendant's absence or without his knowledge.

Before you consider the acts or statements of a co-conspirator in deciding the issue of a defendant's guilt or innocence, you must first determine that the acts or statements were made during the existence of, and in furtherance of, the unlawful scheme.  If the acts were done by someone whom you do not find to have been a member of the conspiracy or they were not done in furtherance of the conspiracy then they may not be considered by you as evidence against a defendant.

<u>Authority</u>

Adapted from Sand, et al., Form Instruction 19-9.

21

REQUEST NO. 5
Withdrawal From Conspiracy (if applicable)

The defendant has raised the defense that he was not a member of the conspiracy because he withdrew from the conspiracy. Once a person joins a conspiracy, that person remains a member until he withdraws from it. Any withdrawal must be complete and it must be done in good faith.

A person can withdraw from a conspiracy by taking some affirmative steps to terminate or abandon his participation in, and efforts to promote, the conspiracy. In other words, the defendant must have demonstrated some type of positive action which disavowed or defeated the purpose of the conspiracy.

By way of example, a defendant may withdraw from a conspiracy by: giving a timely warning to the proper law enforcement officials; or wholly depriving his prior efforts of effectiveness in the commission of the crime; or making appropriate efforts to prevent the commission of a crime; or by doing acts which are inconsistent with the object(s) of the conspiracy and making reasonable efforts to communicate those acts to his co-conspirators.

The defendant has the burden of proving that he withdrew from the conspiracy by a preponderance of the evidence. To prove something by a preponderance of the evidence means to

22

prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more convincing.  In determining whether the defendant has proven that he withdrew from the conspiracy, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence regardless of who may have produced them. If the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve this question against the defendant.  However, it is important to remember that the fact that the defendant has raised this defense does not relieve the government of its burden of proving that there was an agreement, that defendant knowingly and voluntarily joined it, and that an overt act was committed. Those are things that the government still must prove beyond a reasonable doubt in order for you to convict defendant of the crime of conspiracy.

### Authority

Adapted from Sand, et al., Form Instruction.
19-10.

23

<u>REQUEST NO. 6</u>
<u>Cooperator Testimony (if applicable)</u>

You have heard testimony from a government witness who testified pursuant to a cooperation agreement, which provides that, in exchange for agreeing to cooperate and testify, the witness' cooperation would be brought to the attention of the sentencing judge.

Title 18, Section 3553(e) and section 5K1.1 of the United States Sentencing Guidelines provide that the government can make a motion – which can be in the form of a letter – stating that a defendant has provided substantial assistance in the investigation or prosecution of another person.

The witness' sentencing judge may then consider the motion in deciding what sentence to impose.  The judge may – but is not required to – impose a sentence below a minimum sentence that would otherwise be required by law.

Two factors to be kept in mind in this regard are: (1) only the government can make such motions, and it cannot be compelled to do so, provided it has acted in good faith; and (2) the sentencing judge has complete discretion as to whether or not to grant the motion.  Thus, regardless of whether or not such a motion is made, the final determination as to the

witness' sentence rests with the court and not with the government.

In respect to these types of witnesses, the law allows the use of their testimony because people who themselves take part in criminal activity oftentimes are the only ones who have the knowledge to show criminal behavior by others. Indeed, it is the law that this type of testimony may be enough in and of itself for conviction, if the jury finds that the testimony proves guilt beyond a reasonable doubt.

It is also the case, however, that this type of testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much, if any, of the testimony to believe.

Let me say a few things that you may want to consider during your deliberations regarding these types of witnesses. You should ask yourselves whether they would benefit more by lying or by telling the truth. Was the testimony made up in any way because the witness believed or hoped that he would somehow receive favorable treatment by testifying falsely and not being found out? Or did the witness believe that his interests would be best served by testifying truthfully by identifying those who were criminally involved? If you believe that the witness was motivated by hopes of personal gain, was the motivation one

25

which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you determine to give to the testimony of these types of witnesses.

### Authority

Adapted from the charge of the Hon. Frederic Block, United States v. Kiond Jones, E.D.N.Y., 09 CR 395 (S-1)(FB).

REQUEST NO. 7
Interviewed Witnesses

During the course of trial you heard testimony that attorneys interviewed witnesses when preparing for and during the trial.  You must not draw any unfavorable inference from that fact.  On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and in the discharge of that responsibility properly interview witnesses in preparation for the trial and from time to time as may be required during the course of trial.

Authority

Adapted from the charge of the Hon. I. Leo
Glasser, United States v. Lee, E.D.N.Y., 93
CR 1072 (ILG).

27

REQUEST NO. 8
Other Individuals Not On Trial

You have heard evidence about the involvement of certain other people in the crimes charged in the Indictment. That these individuals are not on trial before you is not your concern. You should neither speculate as to the reason these people are not on trial before you, nor allow their absence as parties to influence in any way your deliberations in this case. You should not draw any inference from the fact that any person is not present at this trial. Your concern is solely the defendant on trial before you.

Authority

Adapted from the charge of the Hon. Eugene
H. Nickerson, United States v. Cutolo,
E.D.N.Y, 93 CR 1230 (EHN).

28

REQUEST NO. 9
Uncalled Witnesses Equally Available to Both Sides
(if applicable)

Both the government and the defense have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the government or by a defendant and none called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the government, to the defendants, or to both.  On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.  You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

Authority

Adapted from the charge of the Hon. Kenneth Conboy, United States v. Lew, S.D.N.Y., 91 CR 361 (KC); Sand, et al., Form Instruction 6-7; see generally United States v. Erb, 543 F.2d 438, 444 (2d Cir. 1976).

<u>REQUEST NO. 10</u>
<u>Certain Statements Not Offered for Truth of the Matter</u>

The government has played recordings in which a third party named Gerald Machacek was a participant.  Nothing said by Mr. Machacek on the recordings is to be considered by you to be true.  Only the statements made by the defendant on trial are to be considered for their truth.  The statements of Mr. Machacek, or any other unidentified voice, were simply admitted to provide you with a context in which to evaluate any statements by the defendant that you may have heard.  Because Mr. Machacek has not been called as a witness, and because his statements are not admitted for their truth, you do not have to evaluate his credibility or believability the way you have to evaluate the testimony of witnesses who have been on the stand before you.  I emphasize again, none of Mr. Machacek's statements were offered for their truth.

<u>Authority</u>

Adapted from the charge of the Hon. Reena Raggi, <u>United States v. Wagner</u>, E.D.N.Y., 00 CR 078 (RR), <u>aff'd</u>, 103 Fed. Appx. 422, 429 (2d Cir. 2004).

REQUEST NO. 11[1]
Redactions

In the course of this trial, you have heard and seen many recordings, both audio and video. You have also seen a number of handwritten letters. Some of these recordings and letters were not presented to you in their entirety. Rather, portions of some were redacted. These portions were redacted because I determined, with the input of the parties, that certain portions were not relevant for the purposes of the charges against the defendant. Accordingly, only those portions considered relevant to the charges were admitted and played for or shown to you. I instruct you that the recordings were obtained lawfully and have not been manipulated. The recordings in their original forms captured the entireties of the relevant conversations. Similarly, the letters were also obtained lawfully and, in their original form, were not altered. You must not speculate as to what else might have taken place or been said or written during the portions of the conversations or letters that were not presented in court.

---

[1] This instruction has been adapted from the instruction requested by the government in its November 1, 2013 filing in connection with its motion to admit evidence of "other bad acts." The defendant had no objection to the request, and in its November 22, 2013 Opinion and Order, the Court stated its intention to give the requested instruction.

REQUEST NO. 12
Recordings

The government has offered evidence in the form of recordings of conversations between third parties and the defendant JOSEPH ROMANO and the individual Dejvid Mirkovic. These recordings were made without the knowledge of JOSEPH ROMANO and Dejvid Mirkovic, but with the consent and agreement of one of the other parties to the conversation.  The use of this procedure to gather evidence is perfectly lawful, and the government is entitled to use the recordings in this case. Similarly, the government has offered evidence in the form of recordings of conversations of the defendant and another inmate named Anthony Basile from jail.  These telephone calls were also lawfully recorded, and the government is entitled to use the recordings in this case.

Authority

Adapted from Sand, et al., Form Instruction.
5-10.

REQUEST NO. 13
Transcripts of Recordings

The government has been permitted to hand out typed documents that it prepared containing its interpretation of what appears on the audio and video recordings which have been received as evidence.  These transcripts also appeared as subtitles on some of the recordings you viewed.  Those transcripts and subtitles were provided to you as an aid or guide to assist you in listening to and viewing the recordings.  However, they are not in and of themselves evidence.  Therefore, when the recordings were played, I advised you to watch and listen very carefully to the recordings themselves.  I also advised you that only the audio and video from the subtitled recordings were being admitted as evidence and not the subtitles themselves.  You alone should make your own interpretation of what is being said on the recordings based on what you heard and observed.  If you think you heard something differently than appeared on the transcript, then what you heard is controlling.

Let me say again, you, the jury, are the sole judges of the facts.

Authority

Adapted from Sand, et al., Form Instruction.
5-9.

33

<u>REQUEST NO. 14</u>
<u>Other Bad Acts</u>

In this trial you have heard evidence that the defendant engaged in other prior bad acts or crimes.  Evidence of prior bad acts was admitted for the limited purpose of showing the development of relationships of trust between the defendant and various third parties.  However, the defendant is on trial only for committing the acts alleged in the Indictment.  You may not consider evidence of any other bad acts as a substitute for proof that the defendant committed the crimes charged in this case.  Nor may you consider this evidence as proof that the defendant had a criminal propensity or bad character.  The evidence of other bad acts was admitted for a limited purpose, and you may consider it only for that limited purpose.

<u>Authority</u>

Adapted from Sand, et al., Form Instruction. 5-25.

34

REQUEST NO. 15
Entrapment Defense
(if applicable)

Now I will discuss with you the defense of

entrapment.  The defendant has asserted that he was the victim

of entrapment by an agent of the government.

The law permits government agents to trap an unwary,

criminally-minded person.  The law does not permit a government

agent to entrap an unwary innocent person.  Thus, a defendant

may not be convicted of a crime if it was a government agent who

not only gave the defendant the idea to commit the crime, but

also persuaded him to commit a crime that he was not predisposed

-- or ready and willing -- to commit.

On the other hand, if the defendant was ready and

willing to violate the law, and the government agent merely

presented him with the opportunity to do so, that would not

constitute entrapment.

Your inquiry on this issue should first be to

determine whether the defendant has shown by a preponderance of

the evidence that a government agent originated the criminal

design of the particular criminal act charged in the

Indictment.  To prove something by a preponderance of the

evidence means to prove only that it is more likely true than

not true.  If you find that the defendant has failed to show

that a government agent initiated the crime by setting the defendant in motion, then there can be no entrapment and your inquiry on this defense should end there with respect to the specific charge you are considering.

If, on the other hand, you find that a government agent initiated a specific act charged in the Indictment, then you must decide if the government has satisfied its burden to prove beyond a reasonable doubt that the defendant was ready and willing or, as we say, predisposed, to commit the crime. If you find beyond a reasonable doubt that the defendant was predisposed -- that is, ready and willing -- to commit the offense charged, and merely was awaiting a favorable opportunity to commit the particular offense, then you should find that the defendant was not the victim of entrapment. Bear in mind that to find a defendant was predisposed, it is not necessary to find that he specifically contemplated committing a crime or that he was literally waiting for the opportunity to do so. It is sufficient if the defendant is of a frame of mind such that when his attention is called to the criminal opportunity, his decision to commit the crime is the product of his own choice or preference and not the product of persuasion by a government agent.

36

And remember, if the defendant has borne his burden of proving inducement, the government must prove that the defendant was predisposed to commit the crime beyond a reasonable doubt.  If you have a reasonable doubt that the defendant was predisposed to commit that offense, then you must acquit the defendant on that charge.

<u>Authority</u>

Adapted from the charges of the Hon. Sterling Johnson, Jr., <u>United States v. Al Moayad</u>, E.D.N.Y., 03 CR 1322 (SJ) and the Hon. Raymond J. Dearie, <u>United States v. Demetrios</u>, E.D.N.Y., 95 CR 588 (S-2)(RJD); <u>see also</u> United States v. Al Moayad, 545 F.3d 139, 153-54 (2d Cir. 2008); <u>United States v. Brand</u>, 467 F.3d 179, 189-91 (2d Cir. 2006); <u>United States v. Bala</u>, 236 F.3d 87, 94 (2000); <u>United States v. Han</u>, 230 F.3d 564-65 (2000); <u>United States v. Salerno</u>, 66 F.3d 544, 548 (1995).

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its instructions to the jury. Finally, the government requests the opportunity to submit further instructions or amend those submitted, as may become appropriate during the course of the trial.

Dated:      Brooklyn, New York
            January 3, 2014

                                Respectfully submitted,

                                WILLIAM J. HOCHUL, JR.
                                United States Attorney
                                Western District of New York
                                138 Delaware Avenue
                                Buffalo, NY 14202

MARSHALL L. MILLER
UNA A. DEAN
Assistant U.S. Attorneys

38