

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

---

MLM:UAD

January 3, 2014

VIA HAND DELIVERY AND ECF

The Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

       Re:  United States v. Joseph Romano
            Criminal Docket No. 12-691 (JFK)

Dear Judge Keenan:

     The government respectfully submits this letter requesting that the Court deliver an instruction to the jury regarding the admission of recordings containing out-of-court statements <u>not</u> being offered for their truth. In addition, the government respectfully requests that the defense be precluded from introducing evidence aimed at impeaching the declarant of those statements.

    I.   <u>Background</u>

     In August 2012, Nassau County Correctional Center ("NCCC") inmate Gerald Machacek approached the government to report that another NCCC inmate, the defendant Joseph Romano, was discussing the murder of the judge and prosecutor assigned to his case, United States District Judge Joseph F. Bianco and AUSA Lara Treinis Gatz. On August 10, 2012, under the supervision of law enforcement agents, Machacek recorded a conversation with Romano in the holding cell at the federal courthouse in Central Islip, New York. The government intends to authenticate and introduce the recording through the testimony of law enforcement agents who supervised the creation of the recording.[1] At this time, the government does not intend to call

---

[1] Courts have repeatedly admitted recordings involving

1

Machacek in its case-in-chief. Out of an abundance of caution, the government has provided the defendant with disclosures that would be required if Machacek were to be called as a government witness, including disclosures under Giglio v. United States and Title 18, United States Code, Section 3500.

II. Argument

While the recording in question contains statements made by Gerald Machacek, the government seeks to admit those statements not for their truth, but for the limited purpose of placing in context the defendant's statements on the recording. It is well settled that statements of witnesses not appearing at trial are properly admitted for this limited purpose. See, e.g., United States v. Dominguez, 280 Fed. Appx. 81, 84 (2d Cir. 2008) (holding, post-Crawford, that there is no Sixth Amendment violation where "the government fails to produce as a witness at trial an informant who is heard in a tape-recorded conversation with the defendant" so long as the informant's recorded statements are not admitted for their truth, but rather to establish context for the statements of the accused); United States v. Paulino, 445 F.3d 211, 216-17 (2d Cir. 2006); United States v. Barone, 913 F.2d at 49 (statements on tape made by cooperating witness not available for trial were admissible).

Accordingly, the government respectfully requests that the Court instruct the jury that Machacek's recorded statements are not being offered for their truth, but merely as context for the recorded statements of the defendant. See, e.g., Dominguez, 280 Fed. Appx. at 84 (district court gave limiting instruction, "reminding the jury prior to their hearing the recordings that the statements of the confidential informant were not evidence, and were to be used by the jury only as context for the statements of [the defendant]"). This instruction should also note that Machacek's credibility is not at issue. The government requests the following instruction, adapted from the instruction of then-United States District Judge Reena Raggi in United States v. Wagner, 00 CR 078 (RR), aff'd, 103 Fed. Appx. 422, 429 (2d Cir. 2004):

---

cooperating witnesses where the foundation for admissibility is laid by testimony of a supervising agent. See, e.g., United States v. Barone, 913 F.2d 46, 49 (2d Cir. 1990); United States v. Fuentes, 563 F.2d 527, 532 (2d Cir. 1977); United States v. Dinero Express, Inc., 2000 WL 1134484, at *3 (S.D.N.Y. Aug. 9, 2000); United States v. Viola, 1992 WL 302903, at *3-*4 (E.D.N.Y. Oct. 7, 1992).

2

> The government is about to play a recording in which an individual known as Gerald or Jerry Machacek was a participant. Nothing said by Mr. Machacek on the recording is to be considered by you to be true. Only statements made by the defendant are to be considered for their truth. The statements of Mr. Machacek, or any other unidentified voice, are simply admitted to provide you with a context in which to evaluate any statements by the defendant. Because Mr. Machacek has not been called as a witness, and because his statements are not admitted for their truth, you do not have to evaluate his credibility or believability the way you have to evaluate the testimony of witnesses who have been on the stand before you. I emphasize again, none of Mr. Machacek's statements are offered for their truth.

A transcript of Judge Raggi's instruction is attached as Exhibit A.

In addition, the government respectfully requests that the Court preclude the defense from cross-examining government witnesses or otherwise introducing evidence to attack Machacek's credibility. Rule 806 of the Federal Rules of Evidence governs the admissibility of evidence offered to attack the credibility of an out-of-court declarant. The Rule provides in relevant part:

> When a <u>hearsay</u> statement, or a statement defined in Rule 801(d)(2)(C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness.

Fed. R. Evid. 806 (emphasis added).

Federal Rule of Evidence 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence <u>to prove the truth of the matter asserted</u>." Fed. R. Evid. 801(c) (emphasis added). As noted, the government does not seek to admit Machacek's recorded statements for their truth, but rather merely to place the defendant's recorded statements in context. Nor will the government seek to introduce

3

any statement of Machacek as a purported admission of the defendant pursuant to Rule 801(d)(2)(C), (D), or (E). In short, because the government will not offer any of Machacek's statements for its truth, it will not be placing Machacek's credibility in issue. Evidence impeaching Machacek's credibility is therefore not admissible. See, e.g., Paulino, 445 F,3d 211, 217 ("[C]learly established is the principle that a statement not offered to prove the truth of the matter asserted may not be impeached under Rule 806"); United States v. Zagari, 111 F.3d 307, 318 (2d Cir. 1997) ("Rule 806 is not applicable to non-hearsay statements"); McGowan, 58 F.3d at 15-16 (affirming district court's refusal to permit impeachment of credibility of non-testifying informant who had made surreptitious recordings of defendant that were offered at trial).

Accordingly, the Court should preclude the defense from introducing, through cross-examination of the government's witnesses or otherwise, evidence of the Machacek's criminal history, bad character or conduct, or the nature of any benefit Machacek may have received from the government.

## III. Conclusion

For the reasons set forth above, the government respectfully requests an instruction to the jury indicating that recorded statements by Gerald Machacek are not being offered for their truth, but rather as context for statements by the defendant. In addition, the government respectfully requests that the Court preclude the defense from introducing evidence to impeach the credibility of Gerald Machacek.

Respectfully submitted,

ERIC H. HOLDER, JR.
Attorney General of the United States
WILLIAM J. HOCHUL, JR.
United States Attorney

By: /s/ Marshall L. Miller
Marshall L. Miller
Una A. Dean
Assistant U.S. Attorneys
(718) 254-6421/6473

Encl.

cc: Defense counsel (via email and ECF)

4