

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

---

MLM:UAD

January 8, 2014

<u>VIA HAND DELIVERY AND ECF</u>

The Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re: <u>United States v. Joseph Romano</u>
        <u>Criminal Docket No. 12-691 (JFK)</u>

Dear Judge Keenan:

    The government respectfully submits this letter in reply to the defendant's responses to the government's motion for (1) a jury instruction regarding the admission of recordings containing out-of-court statements <u>not</u> being offered for their truth, and (2) an order precluding the defendant from introducing evidence to impeach the declarant of those statements. As set forth in the government's prior submission, clear Second Circuit case law indicates that the requested jury instruction is necessary and requires preclusion of cross-examination regarding the declarant's credibility.

    In his second response to the government's motion, filed last night, the defendant concedes that Second Circuit case law appears to support the government's motion, but argues that the relevant case is distinguishable because the declarant may not be available. There is no basis for this contention. As the government has informed the defense, the declarant remains in custody and can be produced for testimony at any time should the defense wish to call him as a witness. The defendant's reliance on consent also carries no weight, since the government is not offering the declarant's statements for their truth, nor could we. Accordingly, there is nothing to which to consent. Nor can the defendant offer the statements for their truth, since the statements are hearsay, and no exception applies.

1

In his initial response, the defendant relies on United States v. Check, 582 F.2d 668 (2d Cir. 1978), for the proposition that cross-examination under Rule 806 of the Federal Rules of Evidence is permissible in the instant case. However, the Check case is inapplicable, because in that case the Court admitted the hearsay statements for the truth of the matter asserted. Check, 582 F.2d at 679. By its very terms, therefore, Rule 806 applied in that case, see Fed. R. Evid. 801(c) (defining hearsay statement as one offered for its truth), 806 (permitting evidence attacking credibility of declarant where hearsay statement is admitted), and the defendant should have been permitted to impeach the hearsay declarant. Here, by contrast, where the out-of-court statements are not being offered for their truth, but merely as context, Rule 806 does not apply.

In the past few days, the defendant has, for the first time, provided notice that he wishes to mount an affirmative defense of entrapment. However, notice of an affirmative defense does not suspend the rules of evidence. As the Second Circuit has unequivocally held, "a statement not offered to prove the truth of the matter asserted may not be impeached under Rule 806." United States v. Paulino, 445 F.3d 211, 217 (2d Cir. 2006). As a result, the government's motion should be granted, the requested instruction given, and cross-examination regarding the declarant's credibility precluded.

        Respectfully submitted,

        ERIC H. HOLDER, JR.
        Attorney General of the United States
        WILLIAM J. HOCHUL, JR.
        United States Attorney

By:   /s/ Marshall L. Miller
        Marshall L. Miller
        Una A. Dean
        Assistant U.S. Attorneys
        (718) 254-6421/6473

cc:     Defense counsel (via email and ECF)