LAW OFFICE OF
# MICHAEL K. BACHRACH
276 FIFTH AVENUE, SUITE 501
NEW YORK, N.Y. 10001
--------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *  
* admitted in N.Y. and D.C.

http://www.mbachlaw.com  
michael@mbachlaw.com

January 16, 2014

By ECF

The Hon. John F. Keenan  
United States District Court Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

          *Re: United States v. Joseph Romano,*  
          *12 Cr. 691 (JFK) (EDNY)*

Dear Judge Keenan:

      We represent Defendant Joseph Romano in the above-referenced matter and write in advance of Gerald Machacek's testimony for permission to treat Mr. Machacek as a hostile witness. For the reasons that follow, we respectfully submit that Mr. Machacek is a hostile witness as a matter of law and as such should be permitted to be examined by the defense accordingly.

      Rule 611(a) of the Federal Rules of Evidence provides that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." With respect to the use of leading questions, Rule 611(c) explains that "[l]eading questions should not be used on direct examination except as necessary to develop the witness's testimony," but then provides two exceptions when leading questions are permissible: "(1) on cross-examination; and (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." We respectfully submit that when Defendant Romano calls Mr. Machacek to the stand to testify on the defense case, Mr. Machacek will be a witness "identified with an adverse party" and as such may be cross-examined as a hostile witness on direct examination.

      "Some witnesses, such as an adverse party [or a witness identified with an adverse party], are automatically considered hostile so that leading questions are permitted on direct examination without a prior in court showing that leading questions are in fact necessary for the orderly development of the witness's testimony." 4 Handbook of Fed. Evid. § 611:8 (7th ed. 2013), citing, inter alia, Esco Corp. v. United States, 340 F.2d 1000, 1005 (9th Cir. 1965) ("[T[he trial court correctly concluded that the witnesses … were in

truth not favorable to the party calling them … and hence could be properly considered hostile witnesses. As such they were properly and lawfully subjected to leading questions."); United States v. American Radiator & Standard Sanitary Corp. 433 F.2d 174, 194 (3d Cir. 1970) (Government properly permitted to lead witnesses in critical areas considering they "were defense oriented"); 3 Wigmore, Evidence § 774 at 167-68 (prohibition against leading witness not applicable in the case of "witnesses hostile, biased, or interested, by their sympathies with the opponent's cause" or "unwilling for any other reason to tell all they may know").

In a criminal case such as this, the law has long been clear that witnesses identified with the Government may be asked leading questions when called by the defendant on the defense case. In United States v. Bryant, 461 F.2d 912, 918-19 (6th Cir. 1972), the Eighth Circuit explained that "[t]he vice of the leading question lies in its suggestion of an answer to a witness who, having been called by the party, is presumed to be inclined to favor the questioner…. The risk is not present when the defense is permitted to ask leading questions of a Government agent or of another witness closely identified with the interest of the Government." As the court explained, "It is realistic to assume, in such a case, that the witness will not be predisposed to accept suggestions offered by defense counsel's questions. Such a witness, like the 'adverse party' to which Fed.R.Civ.P. 43(b) refers, is not likely to be tractable on direct examination by defense counsel. Accordingly, defense counsel should be permitted to lead such a witness unless the Government establishes that the witness is not hostile or biased against the defense." Bryant, 461 F.2d at 919, citing, 3 J. Wigmore, § 774.

Similarly, in United States v. Freeman, 302 F.2d 347, 351 (2d Cir. 1962), the Second Circuit explained:

> When a defendant calls government agents to the stand in an effort to establish some part of his defense he should be given every reasonable leeway in bringing out whatever may be relevant to the issues before the jury. It is pointless to require a showing, such as the trial judge indicated might be necessary, that such witnesses are hostile.
>
> The agents were adverse parties within the meaning of Rule 63(b) of the Federal Rules of Civil Procedure, 28 U.S.C., which permits such witnesses to be cross-examined, asked leading questions, and generally impeached. Although there is no companion provision in the Federal Rules of Criminal Procedure, there is even more reason for permitting such a practice in criminal cases where every proper means of ascertaining the truth should be placed at the defendant's disposal.

> We do not limit our repudiation of the pernicious rule against impeachment of one's witness to instances in which the witness is an "adverse party" or "hostile." The search for truth is not to be confined by any such limitation….

See also Fed.Rule.Evid. 607 ("Any party, including the party that called the witness, may attack the witness's credibility.").

More recently, in United States v. Barone, 913 F.2d 46 (2d Cir. 1990), a case cited by the Government in reliance of its application to preclude cross-examination of Government witnesses with regard to Mr. Machacek's credibility (*ecf* #133), the Second Circuit specifically held that the reason the Government's requested limitation did not violate the Sixth Amendment right to confrontation was because the witness "was available and could have been called as a defense witness; appellant could have requested, in that case, to examine [the witness] as a hostile witness," but the defendant "chose not to" (emphasis added). See also United States v. Griffin, 198 F.3d 235 (2d Cir. 1999) (holding that the defendant's Sixth Amendment right to confrontation was not violated by the government's decision not to call its informant since "[d]efense counsel had every opportunity to call the government's informant as a hostile witness but strategically chose not to do so") (emphasis added).

Here, the evidence at trial has already shown that the witness in question, Gerald Machacek, was acting as a Government agent when he recorded a conversation between himself and the defendant on August 10, 2012. The Government referred to Mr. Machacek in its opening statement as "an informant", and two of the Government's witnesses, Special Agent Sean McMullen and Special Agent Reynoldo Tariche, have both testified that Mr. Machacek had met with the Government prior to the August 10, 2012 conversation to be debriefed and fitted with a recording device, and that Mr. Machacek was acting as a Government agent during the recording in question. Additionally, 3500 material has revealed that Mr. Machacek has had multiple proffer sessions with the Government, both before and after the August 10, 2012 recording, that he ultimately received a cooperation agreement, and that his sentence is scheduled to take place next month.

As such, we respectfully submit that Mr. Machacek's interest, both at the time of the August 10, 2012 recording and now, was and is squarely with the Government and adverse to the defense. He was acting an informant or confidential source, was noticed as a potential cooperating witness in this case, and continues to possess an interest in the outcome of these proceedings as the determination of his pending sentence remains contingent on the strength of the U.S.S.G. § 5K1.1 letter-motion that he, like every defendant possessing a cooperation agreement, is hoping to receive.

   Accordingly, we respectfully request permission to treat Mr. Machacek as a hostile witness from the outset of his examination without the need to first establish any preliminary foundation through open-ended questioning. Such would also serve the interests of Rule 611(a) in that it would "avoid wasting time" and would "make … procedures effective for [most easily and expediently] determining the truth."

            Respectfully submitted,

            Michael K. Bachrach
            George R. Goltzer
            *Attorneys for Defendant Joseph Romano*

cc:  All parties of record (by ECF)