MICHAEL K. BACHRACH *
* admitted in N.Y. and D.C.

http://www.mbachlaw.com
michael@mbachlaw.com

January 20, 2014

<u>By ECF</u>

The Hon. John F. Keenan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>*Re: United States v. Joseph Romano,*
>*12 Cr. 691 (JFK) (EDNY)*

Dear Judge Keenan:

We represent Defendant Joseph Romano in the above-referenced matter and write in advance of the charge conference to propose a brief addition to this Court's present proposed entrapment instruction. Specifically, we write to request that the following language be inserted into this Court's jury charge:

> To determine whether the defendant was predisposed – that is, ready and willing – to commit the offenses charged, you may rely upon any relevant evidence of what the defendant said or did before first being approached by a government agent, but you may not rely upon the defendant's conduct after his first contact with the government agent unless that conduct is independently motivated and not the product of the attention that the government had directed at the defendant.

(<u>See</u> Exhibit A, attached hereto, a copy of this Court's proposed charge with the above language included and underlined to highlight Defendant's proposed addition.)

The present version of this Court's charge appears to be based upon the Sand model instruction with one significant modification, namely, the insertion of language related to the defendant's "preponderance" burden, which had been

requested by the Government and objected to by the defense. Putting aside until the charge conference our continuing objection to a "preponderance" instruction, we note our belief that the Second Circuit's August 22, 2013, holding in United States v. Cromitie, 727 F.2d 194 (2d Cir. 2013), which was decided more recently than the most recent edition of Sand, requires this Court to include in its entrapment instruction the additional language proposed above by the defense.

In relevant part, Cromitie addressed, as a case of first impression in the Second Circuit, the type of evidence relevant to predisposition, specifically, how the timing and type of conduct effects what the jury may consider in determining whether or not the defendant was predisposed to commit the charged offense. Specifically, the Second Circuit held as follows:

> **(3) Type of Evidence Relevant to Predisposition**
>
> Obviously any relevant evidence of what a defendant says or does *before* "first being approached by Government agents," Jacobson [v. United States], 503 U.S. [540,] 549, 112 S.Ct. 1535 [(1992)], is admissible. Not as clearly admissible is evidence of what a defendant says or does *after* inducement. Although as a general matter "a defendant's state of mind ... can be inferred from his actions and statements," United States v. Spencer, 995 F.2d 10, 11 (2d Cir. 1993), a broad application of that principle would undermine the entrapment defense by permitting any induced conduct to prove predisposition. To guard against that risk, the Supreme Court has required that conduct of a defendant, after contact by Government agents, offered to prove predisposition, must be "independent and not the product of the attention that the Government had directed at [the defendant]." Jacobson, 503 U.S. at 550, 112 S.Ct. 1535; see United States v. Squillacote, 221 F.3d 542, 565-66 (4th Cir. 2000) (Predisposition may be proved by evidence of "independently motivated behavior that occurs after government solicitation begins.").[11]

Cromitie, 727 F.3d at 208-09 (emphasis in original) (also explaining in n.11, "The District Court charged the jury, 'Although you may consider evidence relating to a defendant's conduct after he was first approached, you may do so only to the extent that it shows something about the defendant's state of mind before that

point.' Tr. 3488. This statement was too broad in that it did not limit consideration of post-contact conduct to 'independently motivated behavior.' <u>Squillacote</u>, 221 F.3d at 565.").

Accordingly, to be consistent with the Second Circuit's recent opinion in <u>Cromitie</u>, we respectfully request that this Court incorporate into its entrapment charge the language proposed herein by the defense.

Respectfully submitted,

Michael K. Bachrach
George R. Goltzer
*Attorneys for Defendant Joseph Romano*

cc:    All parties of record (by ECF)