

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

---

MLM:UAD

January 20, 2014

<u>VIA E-MAIL, HAND DELIVERY AND ECF</u>

The Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:  <u>United States v. Joseph Romano</u>
          <u>Criminal Docket No. 12-691 (JFK)</u>

Dear Judge Keenan:

    The government respectfully submits this letter in response to the defendant's request for the addition of new language to the Court's proposed jury instruction on entrapment. As set forth below, the government does not oppose additional language instructing the jury regarding predisposition evidence, so long as it is complete, balanced and addresses statements as well as conduct.

    Relying on <u>United States v. Cromitie</u>, 727 F.3d 194 (2d Cir. 2013), the defendant requests an instruction on the permissible use of evidence of what the defendant said and did after the initial approach of a government agent to prove predisposition. However, the requested instruction is not complete as it only addresses <u>conduct</u> after that initial approach, rather than conduct <u>and statements</u>. The government does not oppose the additional instruction, so long as the Court's instruction addresses both the defendant's conduct and statements after the initial approach.[1]

---

[1] While the government does not oppose a balanced and complete instruction, addressing post-approach statements as well as conduct, it is not apparent that the instruction is legally necessary. The Court's draft charge on entrapment is based on Judge Sand's model charge, which has been repeatedly used in Second Circuit courts and upheld by the Court of Appeals. <u>See</u> <u>United States v. Brand</u>, 467 F.3d 179, 205 (2d Cir. 2006) (upholding entrapment instruction that "mirrors the model language from Sand's <u>Modern Federal Jury Instructions</u> – language we have previously approved); <u>United States v. Han</u>, 230 F.3d 560, 565 (2d Cir. 2000). Indeed, the

1

In Cromitie, 727 F.3d at 199, a prosecution resulting "from an elaborate sting operation conducted by the FBI using an undercover informant," where the informant met with the four defendants scores of times over the course of almost a year, the Circuit addressed the admissibility of evidence of what a defendant said and did after the alleged inducement, offered to prove predisposition. Applying Jacobson v. United States, 503 U.S. 540, 548 (1992), the Second Circuit held it permissible for the government to offer "conduct of a defendant, after contact by Government agents, [] to prove predisposition" so long as that conduct is "'independent and not the product of the attention that the Government had directed at [the defendant].'" Cromitie, 727 F.3d at 209 (quoting Jacobson, 503 U.S. at 550)). Drawing a distinction between post-contact conduct and post-contact statements, the Cromitie Court went on to hold that "what a defendant says after contact[] by agents is generally admissible to prove predisposition . . . ."[2] Id.

The government does not oppose the Court delivering additional instruction on this issue, so long as the instruction is complete and addresses both post-contact conduct and statements. In order to ensure that the jury does not misunderstand how to assess predisposition evidence, the government respectfully requests the following instruction, which augments the request submitted by the defense:

> To determine whether the defendant was ready and willing to commit the offenses charged, you may rely upon any relevant evidence of what the defendant said or did before first being approached by a government agent. You may also rely upon any relevant statements of the defendant after he was first approached by the government agent. But you may rely upon the defendant's conduct after he was first approached by the government agent only if that conduct is independently motivated and not the

---

model charge was upheld by the Circuit after the Supreme Court decided Jacobson v. United States, 503 U.S. 540, 548 (1992), on which opinion the portion of United States v. Cromitie, 727 F.3d 194, 208-09 (2d Cir. 2013), relied upon by the defense is based.

[2] The Cromitie Court drew this distinction because "although some post-contact conduct might be the product of inducement, it will be a rare situation where a defendant can plausibly claim that the inducement caused him to say something that evidenced predisposition." Id. at 209 (emphasis in original).

2

       product of attention that the government might have directed at the defendant.

A copy of the Court's entrapment instruction, with the additional proposed language, is attached as Exhibit A.

          Respectfully submitted,

          ERIC H. HOLDER, JR.
          Attorney General of the United States
          WILLIAM J. HOCHUL, JR.
          United States Attorney

By:  /s/ Marshall L. Miller
      Marshall L. Miller
      Una A. Dean
      Assistant U.S. Attorneys
      (718) 254-6421/6473

Attachment

cc:      Defense counsel (via email and ECF)