

U.S. Department of Justice

*United States Attorney*
*Western District of New York*

PT:UAD
F.#2012R1316

September 15, 2014

<u>VIA ECF and Regular Mail</u>

The Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    United States v. Joseph Romano
             <u>Criminal Docket No. 12-691 (JFK)</u>

Dear Judge Keenan:

      The government writes to respectfully alert the Court to a violation of the December 18, 2013 protective order issued in this case and to request an order that the Metropolitan Detention Center (the "MDC") confiscate from the defendant all documents covered by the terms of the protective order, which is further described below.

      On December 18, 2013, the Court issued a Stipulation and Protective Order (the "Protective Order"), which was also signed by the parties, governing the use of materials produced to the defendant pursuant to 18 U.S.C. § 3500 and <u>United States v. Giglio</u>, 405 U.S. 150 (1972) (collectively, the "Trial Discovery").[1] The Protective Order prohibited the dissemination of the Trial Discovery to anyone other than (1) the defendant, (2) defense counsel and (3) staff for defense counsel who had signed the Protective Order. A copy of the Protective Order is attached hereto as Exhibit A.

      On September 11, 2014, pursuant to a mail cover that the government instituted for the defendant's incoming and outgoing mail at the MDC following standard Bureau of Prison procedures, the undersigned received a copy of a letter sent from the defendant at the MDC to his wife on Long Island. Included in the letter was sensitive Trial Discovery produced to the defendant prior to trial. The Trial Discovery contained in the letter has never been made public. A copy of the contents of the letter is attached hereto as Exhibit B.

---

[1]     Counsel for the defendant signed the Protective Order on the defendant's behalf. However, the government confirmed with defense counsel prior to disclosure of the Trial Discovery that they apprised the defendant of the terms of the Protective Order.

By sending the Trial Discovery to his wife, the defendant breached the terms of the Protective Order. Accordingly, and pursuant to the terms of the Protective Order, the government seeks the return of all copies of Trial Discovery in the defendant's possession, whether in electronic, paper or any other form.[2] A proposed order is enclosed.[3]

Respectfully submitted,

ERIC H. HOLDER, JR.
Attorney General of the United States
WILLIAM J. HOCHUL, JR.
United States Attorney

By: /s/
Una A. Dean
Assistant U.S. Attorney
(718) 254-6473

cc: Clerk of Court (JFK) (via ECF)
Daniel Nooter, Esq. (via email)

---

[2] The undersigned has spoken to the defendant's prior counsel Michael Bachrach, Esq., who advised that the defendant received from his counsel copies of the Trial Discovery both on CDs and in hard copy. The defendant is currently represented by Daniel Nooter, Esq.

[3] The defendant has been designated to serve his sentence in the above-listed case and his underlying coin fraud case at another Bureau of Prisons facility, but has remained at the MDC pending a restitution hearing in the coin fraud case. Post-hearing briefing in the coin fraud case concluded on September 14, 2014. However, the government requested that the BOP await the resolution of the instant issue before initiating the transfer.