UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

RECEIVED
U.S. COURT OF APPEALS SECOND CIRCUIT
2019 APR 12 PM 2:36

Docket Number(s): ____________________

Caption [use short title]: Romano v. United States of America

Motion for: 28 U.S.C. § 2244

Set forth below precise, complete statement of relief sought:
2244's Motion requesting leave to file a Successive 2255 Motion to Dist. Ct. of E.D.N.Y.

MOVING PARTY: Joseph Romano
OPPOSING PARTY: A.U.S.A. - E.D.N.Y.

☐ Plaintiff ☐ Defendant
☑ Appellant/Petitioner ☐ Appellee/Respondent

MOVING ATTORNEY: Pro Se
OPPOSING ATTORNEY: A.U.S.A. - E.D.N.Y.

[name of attorney, with firm, address, phone number and e-mail]

Joseph Romano (72247053)
USP-ADMAX PO Box 8500
Florence, Co. 81226

J. Mathew Haggans
271 Cadman Plaza East
Brooklyn, N.Y. 11201

Court- Judge/ Agency appealed from: Dist. Court of E.D.N.Y. - Judge John F. Keenan

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): ____________________

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency: ____________________

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date: ____________________

Signature of Moving Attorney:
Pro - Se Date: Mar. 26 2019 Service by: ☐ CM/ECF ☑ Other [Attach proof of service]

Form T-1080 (rev.12-13)

**Pro Se Certificate of Compliance with**

**Word or Page Limits Adapted from Federal Rules of Appellate Procedure Form 6**

A document filed with the Court must not be longer than the Federal Rules of Appellate Procedure or the Court's Local Rules permit. Check the box for the document you are filing and state the number of words or pages.

RECEIVED
2019 APR 12 PM 2:36
U.S. COURT OF APPEALS
SECOND CIRCUIT

☐ **Brief** contains __________ words. [14,000 word limit - LR 32.1(a)(4)(A)], or
**Brief** contains __________ pages. [30 page limit - FRAP 32(a)(7)(A)]

☐ **Reply Brief** contains __________ words. [7,000 word limit - LR 32.1(a) (4)(B)], or
**Reply Brief** contains __________ pages. [30 page limit - FRAP 32(a)(7)(A)]

☐ **Writ of Mandamus/Prohibition** contains __________ words. [7,800 word limit - FRAP 21(d)(1)], or
**Writ of Mandamus/prohibition** contains __________ pages. [30 page limit - FRAP 21(d)(2)]

☑ **Motion** or **Response to the Motion** contains __________ words. [5,200 word limit - FRAP 27(d)(2)(A)], or
**Motion** or **Response to the Motion** contains ___16___ pages. [20 page limit - FRAP 27(d)(2)(B)]

☐ **Reply to the Motion** contains __________ words. [2,600 word limit - FRAP 27(d)(2)(C)], or
**Reply to the Motion** contains __________ pages. [10 page limit - FRAP 27(d)(2)(D)]

☐ **Petition for Panel or En Banc Hearing** contains __________ words. [3,900 word limit - FRAP 35(b)(2)(A)], or
**Petition for Panel or En Banc Hearing** contains __________ pages. [15 page limit - FRAP 35(b)(2)(B]

☐ **Petition for Panel Rehearing** contains __________ words. [3,900 word limit - FRAP 40 (b)(1)], or
**Petition for Panel Rehearing** contains __________ pages. [15 page limit - FRAP 40 (b)(2)]

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

MOTION FOR AN ORDER AUTHORIZING THE DISTRICT COURT TO CONSIDER A SUCCESSIVE OR SECOND MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT to 28 U.S.C. §§ 2244 (b), 2255(h) BY A PRISONER IN FEDERAL CUSTODY

RECEIVED
2019 APR 12 PM 2: 36
U.S. COURT OF APPEALS
SECOND CIRCUIT

NAME: JOSEPH ROMANO

PLACE OF CONFINEMENT: P.O.Box 8500 U.S PENitentiaryMax. FlorENCE, Co-81226

PRISONER NUMBER: (72247053)

**Instructions–Read Carefully**

(1) This motion must be legibly handwritten or typewritten and signed by the movant under penalty of perjury. All documents must be on 8½ x 11 inch paper; the Court will not accept other paper sizes. Any false statements of a material fact may serve as the basis for prosecution and conviction for perjury.

(2) All questions must be answered concisely in the proper space on the form.

(3) Movant seeking leave to file a second or successive petition is required to use this form.

(4) Movant may use additional pages only to explain additional grounds for relief and set forth additional facts and documents that support any alleged grounds. Separate petitions, motions, briefs, arguments, etc. should not be submitted.

(5) In capital cases only, the use of this form is optional, and separate petitions, motions, briefs, arguments may be submitted.

## MOTION

1. (a) State and division of the United States District Court which entered the judgment of conviction under attack New York, EASTERN District OF New York

   (b) Case number 12 CR-691 (JFK)

2. Date of judgment of conviction April 14, 2014

3. Length of sentence Two Concurrent Life Sentencing Judge John F. KeeNAN

4. Nature of offense or offenses for which you were convicted: 2 Counts of 18 USC § 1117 Conspiracy to Murder a Federal Employee (Dist-Judge and AUSA)

5. Have you taken a direct appeal relating to this conviction and sentence in the federal court?
   Yes [✓] No [ ] If "yes", please note below:
   (a) Name of court Court of APPEAls for the 2nd Cir.
   (b) Case number 14-1588
   (c) Grounds raised (list all grounds; use extra pages if necessary)
   GROUNds explained ON Page 3
   (d) Result Denied
   (e) Date of result November 17, 2015

6. Related to this conviction and sentence, have you ever filed a motion to vacate in any federal court?
   Yes [✓] No [ ]
   If "yes", how many times? ONe (if more than one, complete 7 and 8 below as necessary
   (a) Name of court EDNY
   (b) Case number 16-Civ-5689 (JFK)
   (c) Nature of proceeding Pro Se filing of A Memorandum OF LAW in February 1, 2016



Rev. 1.24.2018

Grounds Raised In Appeal
To 2ND Circuit

1. Motion to supress incriminating Statement After Arrest should have been granted.
2. Deceit by Arresting Agents.
3. Jury instructions on entrapment were erroneous. The 2Nd Circuit is exclusively using that erroneous instruction.
4. Defense fell short regvarding Entrapment issue.
5. Defendant was, in fact, induced by Govt.

(d) Grounds raised (list all grounds; use extra pages if necessary) See Page 5 and 6

(e) Did you receive an evidentiary hearing on your motion? Yes ☐ No ☑

(f) Result Denied

(g) Date of result Aug. 20, 2018

7. As to any second federal motion, give the same information:

(a) Name of court

(b) Case number

(c) Nature of proceeding N/A

(d) Grounds raised (list all grounds; use extra pages if necessary) N/A

(e) Did you receive an evidentiary hearing on your motion? Yes ☐ No ☐

(f) Result

(g) Date of result

8. As to any third federal motion, give the same information:

(a) Name of court

(b) Case number

(c) Nature of proceeding N/A

(d) Grounds raised (list all grounds; use extra pages if necessary) N/A

(e) Did you receive an evidentiary hearing on your motion? Yes ☐ No ☐

(f) Result

(g) Date of result

# Grounds Raised In 2255 Motion

1. Sentencing and Appellate counsel Rendered ineffective assistance, in Violation of the 6th Amendment of the U.S. Constitution, by failing to object to and or Appeal from Petitioner's Conviction on Count 2 which charged the identical Conspiracy as the conspiracy charged in Count 1, a double jeopardy violation, and the Conviction, and sentence on Count 2 of the indictment must be vacated, set aside and or corrected.

2. In as much as Counsel rendered ineffective assistance in failing to raise an obvious and undeniable double jeopardy claim premised on multiplicitous Counts, Counsel's ineffectiveness also denied Petitioner a new trial based on the Psychological effect of the overcharging would have on the Jury, a New Trial should be ordered on Count one of the indictment after vacating the Judgment of Conviction and Sentence on Count two of the indictment.

3. Both Trial and Appellate counsel

rendered ineffective when Counsel failed to seek dismissal of the indictment on the ground that the A.U.S.A. of E.D.N.Y. engaged in mis-conduct by drafting the indictment in a way that it well knew would work a violation of tactical and constitutionally impermissible advantage by prejudicing the jury against this Petitioner by artificially in-flating the alleged criminality, and the court should vacate the convictions, and sentences, and dismiss the indictment.

4. The Court should Appoint Counsel in the interest of Justice.

9. Did you appeal the result of any action taken on your federal motions? (Use extra pages to reflect additional federal motions if necessary)
(1) First motion No [ ] Yes [✓] Appeal No. 18-2770
(2) Second motion No [ ] Yes [ ] Appeal No. ______
(3) Third motion No [ ] Yes [ ] Appeal No. ______

10. If you did not appeal from the adverse action on any motion, explain briefly why you did not: N/A

11. State concisely every ground on which you now claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.
A. Ground one: Vagueness and deprivation of Proper Due Process in Judgement of Petitioner Case opposed to Supreme Court Recent ruling in Johnson and Dimaya
Supporting FACTS (tell your story briefly without citing cases or law):
Supporting Facts Explained
See pages 8 - 11. Legal issued Page 12, 13

Was this claim raised in a prior motion? Yes [ ] No [✓]

Does this claim rely on a "new rule of constitutional law?" Yes [✓] No [ ]
If "yes," state the new rule of constitutional law (give case name and citation):
Johnson, 135 S. Ct. 2551 (2015)
DiMaya, 138 S. Ct. 1204 (2018)

Does this claim rely on "newly discovered evidence?" Yes [ ] No [✓]
If "yes," briefly describe the newly discovered evidence, attach a copy (if available), state when you obtained it, and why it was not previously available to you.

# Petitioner's Statement of Case

THE GOVERNMENTS ENTIRE FARFETCHED "CONSPIRACY CASE" TO ALLEGEDLY KILL DISTRICT JUDGE BIANCO AND AUSA. GATZ RELIED SOLELY UPON GOVERNMENT'S SELF SERVING USE OF A WELL KNOWN IN-CUSTODY JAILHOUSE INFORMANTS UNCORROBORATED TESTIMONY. NO PHYSICAL EVIDENCE OF A CRIME EXISTS. THE GOVERMENT ALSO FAILED TO ESTABLISH AN "AGREEMENT" TO SAID CONSPIRACY - NOR THE ELEMENT OF "AN ACT IN THE FURTHERANCE" TO ALLEGED SAID CONSPIRACY. INSTEAD THE GOVERNMENT'S CASE REVOLVED AROUND THE CONFLICTED TESTIMONY OF THE AGENTS WHO "INSTRUCTED" INFORMANT - WAS PROVEN TO BE CONTRADICTORY. DEMONSTRATING EITHER ONE OR BOTH OVERZEALOUS AGENTS HAD LIED UNDER OATH. THE GOVERNMENTS CASE WAS WEAK AND NOT OVERWHELMING.

1. SPECIAL AGENT TORICHI TESTIFIED THAT NO INSTRUCTION WAS GIVEN TO JAILHOUSE INFORMANT GERALD MACHACEK.
2. AGENT COX WHEN ASKED THE SAME QUESTION TESTIFIED THAT BOTH INSTRUCTION AND NARRATIVE WERE IN FACT GIVEN TO GERALD MACHACEK.

3. UNDERCOVER AGENT STRECKER TestiFIED About AUDIO/VIDEO RECORDING CONCERNING STRECKER'S UNSOLICITED Visit To N.C.C.F. STRECKER'S AWKWARD visit Amounted to AN obvious Attempt To COERCE Petitioner into MAKING SomeKIND OF INCRIMINATING STATEMENT — while KNOWING Petitioner WAS Represented By Counsel. Petitioner ADMONISHED AND Expelled STRECKER AND terminated visit. AT TRIAL Prosecutor's CLAIMED STRECKER'S unlawFUL Recording WAS SomeHow incomplete Due to A "MALFunction"! Notably, Agent Strecker NEVER Testified Petitioner DESIRED to Kill ANYONE.

4. Agent Strecker Also testified As to Another RECORDED Phone CONVER-SAtion STRECKER HAD with A MR. MiRkovic. STRECKER CLAIMED That This RECORDING WAS ESSENTIALLY INAUDIBLE Due To it being "WINDY"! IN ANY EVENT The Government chose, Not to call Mirkovic To TestiFY At Trial.

5. Petitioner, while locked in Courthouse Holding Cell with PLANTED INFORMANT Machacek WEARING A WIRE; MACHACEK

instantly and incessantly (over and over again) uttered contemptuous remarks about Judge Bianco baiting Petitioner to join. This well known F.B.I. tactic is called conducting a "Push and Pull" operation. Once on tape the Government then went on to "Reverse Engineer" (i.e. Fabricate) a so called "Conspiracy" case around Petitioners words — but ignoring Machaceks driven words.

6. In an Ironic Twist, in a subsequent case, just weeks after Petitioners Trial — F.B.I. informant Machacek cooperated against a Mr. Velazquez. Of all the people and places in the world, Judge Bianco's courtroom! In an omenous written opinion Judge Bianco tossed out the jury conviction of Mr. Velazquez citing irregularities and troubling testimony and statements made from Machacek and others.

See Generally: United States v. Adam Velazquez, 197 F. Supp. 3d 481 (Dist Ct. ED/NY)

7. On or about November 2017 Petitioner Supplemented Habeas Petition (16-Civ-5689 (JFK)), and submitted said Velazquez opinion to District Court (JFK), who has ignored Judge Bianco's Judicial Findings.

8. On or about December 2018 Petitioner filed the Dimaya motion; this also was ignored

THE US SUPREME COURT RECOGNIZED NEW RULE IN DIMAYA APPLIES TO Petitioner ROMANO'S CASE

Petitioner was indicted in a Grotesque "CRIME of Violence" Alleged Conspiracy to supposedly Kill A Judge and Prosecutor. Petitioner Strongly asserts the US SUPREME Courts Recent DECISION IN DiMaya applies directly to Petitioners Same set of Legal Facts Analysis For the Following Reasons: (1) Petitioners indictment clearly alleges A Felony "Crime of Violence" by its definition implicates 18 USC 16(B)'s "Residual clause"; (2) More Precisely, 18 USC 16(B) Requires a Court to ask whether "The Ordinary case" of an offense Poses The Requisite Risk". Dimaya. Set aside for a moment, that Alleged "Conspiracy" in Petitioner's case has no basis in Reality - and was Patently absurd. Reality is, that Empty Jailhouse Bravado (i.e. "PuFFing") does Not Qualify as a Criminal offense. The Residual clause 16(b) Analysis of "Ordinary Risk" in Petitioner's case is Completely canceled out by a Common sense ZERO Risk Factor - in that both The in-custody informant

and Petitioner were tightly incarcerated, Thus clearly removing Any and all Risk Possibilities. Significantly, Special Agent Torichi testified Judge Bianco and A.U.S.A. Gatz were Never in Any Danger. T.T. ______.; and (3) Again, The government Alleged "Conspiracy" had Zero Basis in Reality, other than to leave both District Court and Jury to "Guessing" what could or couldn't possibly Take Place. Thus we have "Statutory Vagueness" Equals "Hopeless Indeterminacy," inconsistent with Due Process. Put in another way, The Residual clause 16(b) summarized - "OFFERS No Reliable way" to DisCERN what The ordinary Version of Petitioners OFFENSE Even looked like in Reality.

Petitioner RespectFully Requests This Court Grant Petitioner's 2244 Petition and Return Case to District Court For Further Proceedings.

B. Ground two: ______________________________
______________________________

Supporting FACTS (tell your story briefly without citing cases or law):
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________

Was this claim raised in a prior motion? Yes ☐ No ☐

Does this claim rely on a "new rule of constitutional law?" Yes ☐ No ☐
If "yes," state the new rule of constitutional law (give case name and citation):
______________________________
______________________________

Does this claim rely on "newly discovered evidence?" Yes ☐ No ☐
If "yes," briefly describe the newly discovered evidence, attach a copy (if available), state when you obtained it, and why it was not previously available to you.
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________

**[Additional grounds and facts and documents supporting any alleged grounds may be set forth on extra pages if necessary]**

12. Do you have any motion or appeal now pending in any court as to the judgment now under attack? Yes ☐ No ☑
If "yes," Name of court ______________ Case number ______________



Rev. 1.24.2018

Wherefore, movant prays that the United States Court of Appeals for the Second Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Motion to Vacate under 28 U.S.C. § 2255.

Movant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this motion are true and correct.

Executed on March 26, 2019
[date]

Movant' s Signature

RECEIVED
U.S. COURT OF APPEALS
SECOND CIRCUIT
2019 APR 12 PM 2:36

**PROOF OF SERVICE**

Movant must send a copy of this motion and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on March 26, 2019, I mailed a copy of this motion*
[date]

and all attachments to J. Mathew Haggans at the following address:

271 Cadman Plaza East
Brooklyn, N.Y. 11201

Movant's Signature

---

* Pursuant to FRAP 25(a), "Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

CAPTION:
Romano -Petitioner

v.

USA - Respondant

**CERTIFICATE OF SERVICE***

Docket Number: 19 -

RECEIVED
2019 APR 12 PM 2:36
U.S. COURT OF APPEALS
SECOND CIRCUIT

I, ______________________, hereby certify under penalty of perjury that
(print name)
on March 2019, I served a copy of 28 USC § 2244 Motion
(date)
For leave to File successive 2255
(list all documents)

by (select all applicable)**

___ Personal Delivery ✓ United States Mail First-Class Postage is prepaid ___ Federal Express or other Overnight Courier

___ Commercial Carrier ___ E-Mail (on consent)

on the following parties:

→ 2nd Cir. Ct. of Appeals - Thurgood Marshall Courthouse 40 Foley Sq. N.Y. N.Y. 10007

Name Address City State Zip Code

AUSA-EDNY (J. Haggans) 271 Cadman Plaza East, Brooklyn N.Y. 11201

Name Address City State Zip Code

Name Address City State Zip Code

Name Address City State Zip Code

→ Original + two copies by Cert. Mail No. 7017 1000 0000 0130 4547

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

March 26, 2019
Today's Date

Joseph Romano-Petitioner
Signature

Certificate of Service Form (Last Revised 12/2015)

7017 1000 0000 0130 4547

Name: Joseph Romano (72247053)
Reg No.:
U.S. Penitentiary
P.O. Box 8500
Florence, CO 81226-8500

7017 1000 0000 0130 4547




U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

Sent To: Second Circuit US Court of Appeals
Street and Apt. No., or PO Box No.: 40 Foley Square, Room 1802
City, State, ZIP+4®: New York, N.Y. 10007

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7017 1000 0000 0130 4547
7017 1000 0000 0130 4547

CERTIFIED MAIL®

Correspondence Unit/Clerk
Circuit US Court of Appeals
Marshall US Courthouse
40 Foley SQUARE, Room 1802
NEW York, NY 10007

Deposited in US Mail on March 26, 2019
Prison Box Rule, Houston v. Lack, 487 US 266, 274 (1988)

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Second Circuit US Court of Appeals
40 Foley Square, Rm. 1802
New York, N.Y. 10007

9590 9402 2234 6193 8488 39

2. Article Number *(Transfer from service label)*

7017 1000 0000 0130 4547

PS Form 3811, July 2015 PSN 7530-02-000-9053

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes ☑ No
If YES, enter delivery address below:

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Name: Joseph ROMANO
Reg No: (72247053)
U.S. Penitentiary MAX
P.O. Box 8500
Florence, CO. 81226-8500

7017 1000 0000 0130 4547

7017 1000 0000 0130 4547

19-72247053-0323-mo-076

USA 1 DOLLAR

APR 09 2019

CERTIFIED MAIL®

7017 1000 0000 0130 4547

Prisoner Correspondence Unit/Clerk
Second Circuit US Court of Appeals
Thurgood Marshall US Courthouse
40 Foley Square, Room 1802
New York, NY 10007

USM 40LB
SDNY

CERTIFIED MAIL®

7017 1000 0000 0130 4547

USA DOLLAR

Prisoner Correspondence Unit/Clerk
Second Circuit US Court of Appeals
Thurgood Marshall US Courthouse
40 Foley Square, Room 1802
New York, NY 10007

USM 40LD SDNY

Deposited in US Mail on March 26, 2019
Prison Box Rule, Houston v. Lack, 487 US 266, 274 (1988)

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 6000
FLORENCE, COLORADO 81226

DATE: 4/8/19 MB

"SPECIAL/LEGAL MAIL"

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or a problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosed to the above address.