UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **TRANSFER ORDER** |
| - v - | : | |
| | | 25 Civ. 05488 (DC) |
| JOSEPH ROMANO, | : | 12 Cr. 00691 (DC) |
| | | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CHIN, Circuit Judge:**

On September 23, 2025, defendant Joseph Romano, proceeding *pro se*, filed a third motion for relief pursuant to 28 U.S.C. § 2255. Dkt. 296. Romano is currently serving two concurrent terms of life imprisonment for conspiracy to murder a federal judge and an Assistant United States Attorney, running consecutively with a sentence previously imposed on an earlier fraud conviction. Dkt. 171. In his current motion, Romano argues, *inter alia*, that the Supreme Court's decision in *United States v. Glossip*, 604 U.S. 226 (2025), established "[a] new retroactive legal right" that, when applied to his case, demonstrates that his constitutional rights were violated. *Id.* at 6. On October 1, 2025, this case was reassigned to the undersigned. Because Romano's submission constitutes a successive § 2255 motion, however, this Court lacks jurisdiction to reach the merits. Instead, Romano's motion must be transferred to the United States Court of Appeals for the Second Circuit.

A second or successive motion is authorized in two instances: the motion contains (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Before a second or successive motion may be filed in the district court, however, the defendant is required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Accordingly, "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice pursuant to § 1631." *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam).

Romano's motion is "successive" because "it raises claims concerning the same conviction to which his prior § 2255 motion was addressed." *Id.* at 122. This standard "remains true even if the latter petition purports to raise new claims." *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998).

Romano's first § 2255 motion was filed on October 7, 2016. Dkt. 210. The court (Keenan, *J.*) denied Romano's motion on October 20, 2018, concluding that

2

Romano failed to establish his claim for ineffective assistance of counsel. Dkt. 231. Romano filed a motion for reconsideration, Dkt. 232, which the district court denied, Dkt. 233. On September 17, 2018, Romano appealed the district court's denial of his § 2255 motion, the decision not to issue a certificate of appealability, and the denial of his motion for reconsideration. Dkt. 234. On January 4, 2019, Romano filed a motion for permission to file a successive § 2255 motion. Dkt. 247. Soon after, on January 16, 2019, the Second Circuit denied Romano's motion for a certificate of appealability and appointment of counsel and dismissed the appeal. Dkt. 252. Because Romano's subsequent § 2255 motion was filed before the adjudication of his first motion became final, the Second Circuit, on May 8, 2019, denied Romano's motion for leave to file a successive § 2255 motion as unnecessary, transferred the matter to the district court, and noted that "[t]he transferred papers may be construed as a motion to amend the pending § 2255 motion." Dkt. 254. Following Romano's supplemental filings and the government's responses, on August 22, 2022, the district court denied Romano's second § 2255 motion and declined to issue a certificate of appealability. Dkt. 287. The district court explained that Romano's second motion was procedurally barred, and even if not procedurally barred, Romano's motion also failed on the merits. *Id.* at 7-22. Romano appealed from the district court's order. Dkt. 288. On June 1, 2023, construing Romano's motion for *in forma pauperis* status and appointment of counsel as also seeking

3

a certificate of appealability, the Second Circuit denied Romano's motion and dismissed the appeal. Dkt. 291.

In his third motion, Romano now asserts many arguments that have been raised and rejected before. Regardless, because Romano has not sought the requisite certification from the Second Circuit, this Court lacks jurisdiction to address the merits of the motion. Thus, the Clerk of Court is respectfully directed to transmit this Order and Romano's motion to the Second Circuit pursuant to 28 U.S.C. § 1631, in the interests of justice, for a determination of whether his successive § 2255 motion may be considered in this Court. *See* 28 U.S.C. § 1631. The Clerk of Court is directed to mail a copy of this decision to Romano at his current address, note service on the docket, and close this case on the docket of this Court. If the Second Circuit authorizes Romano to file a successive motion, he shall move to reopen this case under this civil docket number.

SO ORDERED.

Dated:   Brooklyn, New York
         January 5, 2026

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　DENNY CHIN
　　　　　　　　　　　　　　　　　　　　　　　　　United States Circuit Judge
　　　　　　　　　　　　　　　　　　　　　　　　　Sitting by Designation